## WRIGHT v. ELLIOTT.

1. A constable having executions against B, agrees to satisfy them, C giving him his note for a certain sum; the note being for more than the amount of the executions and lawful interest, it is usury, though not called a loan.
2. It is not necessary to constitute usury, that more than eight per cent be *stipulated* for, it is sufficient if it be taken.
3. It is usury if unlawful interest is taken, though the party promising is ignorant at the time that he promises more than eight per cent.

THIS suit, together with another similar one, was instituted before a justice of the peace in Tuscaloosa, by P.

JANUARY 1828.

Wright
v.
Elliott.

P. Wright, to recover on a note for $34, made by Enoch Elliott and W. J. Minter; and by *certiorari* the case was brought into the Circuit Court, in which the plea of usury was filed.

On the trial (the causes being tried together) a bill of exceptions was taken as follows: " Be it remembered that these two cases were by consent submitted to the same jury; and on the trial it appeared that the plaintiff as a constable, held in his hands three executions against the son of the defendant, Elliott. The plaintiff made a proposition to Elliott, that if he would give him those notes, the foundation of the two actions, that he would satisfy the executions against his son; on which the notes were given. It was further in evidence that the defendant did not know at the time he gave his notes, that usurious interest was reserved by them. The Court charged the jury that the ignorance of the defendant did not take the case out of the statute, and that if the difference between the amount of money paid by the plaintiff on the executions and the notes given by the defendant, was greater than the rate of eight per cent per annum, it would make the contract usurious within the statute; to which plaintiff excepts," &c. The jury found for the defendant.

Wright in this Court assigns as error, the charge given to the jury as shewn in the bill of exceptions.

SHORTRIDGE and ELLIS, for the plaintiff.

COLLIER, for defendant.

### By JUDGE TAYLOR.

Two points are made by the plaintiff in error, either of which if sustained, would reverse the judgement.

1st. That this is not such a contract as is embraced by the statute against usury, and 2nd. That if it is such a contract as the statute embraces, the charge of the Judge is too broad.

The first point was subdivided by the plaintiff into two, viz: that the note was not given for the *loan* of money, &c. and therefore not within the statute, 2nd. There was no mutual agreement that the one should pay, and the other receive more than legal interest; therefore the plaintiff could at most, only be guilty of a fraud.

Even were it admitted that usury could not be committed, except in the case of the loan of money, &c. it is

believed that this case would be literally embraced with-
in the provision.   The defendant agreed to pay the debt
of his son, and the plaintiff to furnish the means.   If the
executions had been against the defendant himself, the
payment of them by the plaintiff would have been mani-
festly a loan to the defendant, and it cannot be perceived
that the satisfaction of executions against a third person
can make any difference.

It is believed too, that it is not necessary that the ex-
cessive interest should be stipulated between the parties.
The words of the statute are, " no person or persons shall,
upon any contract whatsoever, take directly or indirectly,
for the loan of any money, wares, merchandize, &c. more
than the rate of eight dollars for the forbearance of one
hundred dollars," &c.   It is true that in this case, there
was no contract between the parties, by which the *defen-
dants agreed to pay the plaintiff more than legal interest;*
but it is equally true there was a *contract* between the par-
ties, and that in that contract the plaintiff did *take* more
than eight per cent.   Can it be possible that the circum-
stance of his having circumvented the defendant, by in-
ducing him to believe that the note was drawn for the
amount due on the executions, when it was for a much
greater, and thus adding fraud to usury, shall operate to his
advantage?   For it will be recollected that under the
plea of usury, the defendant can testify, not so when he
pleads fraud.   Certainly it cannot.   To permit him to
do so would be subversive of a fundamental principle of
the common law, "that no man shall take advantage of
his own wrong."

On the last point, however, the judgement must be re-
versed.   The Court charged the jury "that if the diffe-
rence between the amount of money paid by the plaintiff
on the executions, and the note given by the defendant,
was greater than the rate of eight per centum per annum, it
would make the contract usurious."   This position is much
too broad.   There may be many instances in which, by
mere mistake, a note might be drawn for too large a sum,
and in which it cannot be for a moment contended, the
penalties of the statute would attach.

It is insisted by the defendant that the evidence shews
the usurious intention of the plaintiff.   But I think it the
more correct construction to infer that the term " usury"
is used in the bill of exceptions, with reference to the
50

JANUARY 1828. Judge's opinion of the constituents of that offence as
expressed in his charge. The case must be reversed and
remanded.

Wright
v.
Elliott.

The CHIEF JUSTICE and JUDGE PERRY not sitting.