_Margin note: Garrow v. Hallett._

---

## WRIGHT v. MINTER.

To a declaration on a note, the plea was " that it was founded on an usuri-
ous consideration."   The plaintiff replied that " it was not usuriously
agreed that more than legal interest should be received;" the replication
is bad.

P. P. WRIGHT had obtained a judgment before a justice
of the peace of Tuscaloosa county, against W. J. Minter,
on a note for $31 75, made by him as security of one
Enoch Elliott, who was a joint maker of the note with

JANUARY 1830.

Wright
v.
Minter.

Minter, but who was not sued. Minter appealed to the County Court, and there, Wright, the plaintiff, filed his declaration or statement, on the note. Minter pleaded that "the note was founded upon a *usurious consideration* between the plaintiff and Elliott," and that the defendant was only security. To this plea, the plaintiff replied, that ".it was not usuriously agreed by and between the said plaintiff and said defendant's principal, that more than legal interest should be reserved or taken." The defendant demurred to the replication, and at the August term, 1828, of the County Court, the demurrer was sustained, and judgment was rendered for the defendant. This decision is here assigned for error.

ELLIS, for the plaintiff in error. The demurrer to the replication should have been overruled. The replication was proper; but if it was not, the plea was bad, and the demurrer reaches into the plea. This is a well settled doctrine. Then is not the replication sufficient? I think it is. Replications are of several descriptions; 1st. Such as conclude the defendant by estoppel; 2d. Such as deny the truth of the matter alleged in the plea in whole or in part; 3d. Such as confess and avoid the plea; and 4th. When the plea is evasive, such as new assign the cause of action. The replication in this case is one of the second class. It contains a denial of the whole plea; it is single and confined to the point presented by the plea; it responds to the plea, by substantially denying it, so as to create an issue capable of trial. It can certainly be no objection that it covers too much ground, that while the plea is confined to the consideration merely, the replication goes to the whole contract. When the replication says there was no usurious agreement, does it not necessarily say the consideration was not usurious? It does at least directly negative the plea. It is certainly a good replication according to the precedents and authorities.[a]   A replication may deny the corrupt agreement, and conclude to the country, without a formal traverse.[b]   The statute of 1819,[c] at the end of the 2d section, and commencement of the 5th section, uses the terms "usurious agreement." It seems to me the true test, is, whether if issue be taken on the replication, the jury can determine if the contract be usurious or not. But is the plea sufficient? The case of *Wright v. Elliott,*[d] is relied on to sustain the plea, and defeat the replication; but the question is not here what does

*a* 3. Chitt. Pl. 1172. 2 T. R. 439. 1 Saun. 103. b. n. 3.

*b* 7 John. R. 283.

*c* Laws of Ala. 444.

*d* 1 Stew. 391.

or what does not constitute usury: it is a question of pleading merely. I will not stop to inquire whether a plea by a surety who is sued alone, alleging usury between the plaintiff and the defendant's principal, can ever be good, which, however, might admit of doubt, from an examination of the case of *Ford v. Keith,* [a] which determines that a security may recover money paid for his principal upon an usurious contract made by the principal, without the knowledge of the surety; but the plea is defective, as will be seen by reference to approved forms, and the rules of pleading. It is too narrow; it refers to the consideration merely of the agreement, which is a constituent part only of the contract; it should have referred to the whole agreement or contract, which is made up of three component parts, of which the consideration is but one. [b]

Courts of justice of late have always leaned in favor of the decision of causes on their intrinsic merits, disregarding technical niceties, tending to defeat inquiry. In cases of appeal, technical nicety is not observed in pleading. It is obvious that if this judgment is affirmed, the cause will have turned on a technical point of pleading, without examination of the merits.

P. N. WILSON, contra. That Minter was a security, can make no material difference in the law of the case; the merits of the contract between the plaintiff and the principal, must fix the rights and liability of the parties.

The case of *Wright v. Elliott,* decided in this Court on this same note, fully sustains the position, that usury may be committed without excessive interest having been *stipulated* for between the parties; that although there was "no contract by which the defendant agreed to pay the plaintiff more than legal interest," yet there was a " *contract*" in which the plaintiff did *take* more than eight per cent. and that the contract may be usurious, as being founded on a *usurious consideration,* though the *agreement* be not usurious, and though in fact the promissor was ignorant of the usury at the time he promised to pay. The defendant chose to rest his defence on the distinct and separate ground, that although he admitted impliedly that the *agreement* was not usurious as related to both the parties, that yet the *consideration* on which the promise was founded, was so. The replication, however, only traversed what the plea by implication admitted, or at most, only controverted the existence of a fact not alleged in the

*Margin notes:*

JANUARY 1830.

Wright
v.
Minter.

*a* 18 Mass. R. 139.

*b* 2 B. Comm. 442. 3d Chit. Pl. late Edit. 967. 1 Saun 295, a. b.

JANUARY 1830.

Wright
v.
Minter.

plea, or relied on as a ground of defence. To have taken issue on this replication, would have compelled the defendant to commit a departure in pleading; which is not allowable.[a]

A replication must contain sufficient matter to avoid or disaffirm the plea, either by estoppel, confession and avoidance, or general or special denial.[b] The one here filed, as it relies on no new matter, must be taken as *intending* to have denied the plea; but it assumes a different ground than the plea did. It leaves an acknowledged matter of defence averred in the plea, unanswered, and answers one not assumed by it; thereby changing the issue from the point on which the defendant placed it, to such one as the plaintiff choose to select, which it is not competent for him to do.[c] Though he has been so skilful as to obtain a promise of usurious interest without the knowledge of the promissor, he cannot now be permitted to evade the question of the corruptness of the consideration, and defeat the defence of the defendant by placing the issue, without his consent again, on a question which will shut out all investigation of the true point of defence. There was nothing more easy than for the plaintiff to have replied that the note was not founded on an usurious consideration. This would have been a full denial of the plea, and would have placed the issue on the point the defendant elected to rest his defence on, which he had a right to do.

By JUDGE TAYLOR. It is insisted by the counsel for the plaintiff in error, 1st. That the replication is a sufficient answer to the plea; 2d. If it is not, that the plea is insufficient.

It is unnecessary to cite authorities to sustain the doctrine, that a replication which tenders an issue to the country, must deny the whole plea, and put in issue every material matter which could be introduced in the defence under the plea. In this case, the plea is, that "the consideration of the note" was usurious; the replication, which professes to deny that plea, is, that "it was not agreed by and between the plaintiff and defendant's principal that more than legal interest should be reserved," &c.

Under the plea, the consideration of the note may be inquired into, for the purpose of proving it to be usurious, no matter from whom that consideration passed, or how it arose. By the replication, this investigation is narrowed down to the inquiry, ".did the plaintiff and Elliott *mutually* agree that usury should be reserved?"

1 Chitt. Pl.
619. Co. Litt,
304, a.

b 1 Chitt. Pl.
618, 577 to
586.

c t Chitt. Pl.
578. 4 T. R.
157.

In the case of *Wright v. Elliott*, [a] decided, in this Court, it was determined, that if the payee practice an imposition upon the payor, and wilfully take from him a note for a larger sum than the debt, and legal interest, it is usury, although the payor did not know at the time that more than he legally owed was embraced in the note, and this decision I feel no disposition to overrule. It is not required by our statute " that the *parties* shall corruptly enter into a contract by which more than legal interest is reserved," to make that contract usurious. But it is declared that " no person or persons, shall, upon any contract whatsoever, take directly or indirectly for the loan of any money, wares, merchandise, &c. more than the rate of eight dollars for the forbearance of one hundred dollars," &c. Certainly then, if the payee overreaches the payor, and exacts more than legal interest, he does, by the contract, " directly or indirectly take" more than eight per cent. Suppose such had been the fact with regard to the present case: the plea would have embraced such a defence, but the replication would exclude it entirely. The replication therefore, is certainly bad.

As to the second position taken by the defendant, it is certain that the plea is not technically good; but it has often been determined in this Court, that in these small cases, if the material facts can be tried under the pleadings, they will be sustained. A formal declaration is never required, but only such a one as contains a substantial statement of the cause of action, for which reason it is more usually termed a " statement" than a " declaration." A plea of a similar kind is all that should be required, more especially as the issue is to be made up under the direction of the Court. The plea in this case was calculated to admit every inquiry material to the investigation.

By JUDGE CRENSHAW. Taking for granted that the plea of the defendant is good, it becomes material to inquire whether or not the replication is a denial of, or sufficient answer to that plea. There is no doubt but that the replication was intended as an answer to or denial of the matter of the plea, and therefore properly concludes to the country; and to my mind it is equally clear that it is a substantial answer to the plea. By the consent of parties to plead in short, the technicalities of form were dispensed with. The question which then occurs, is, was the replication in substance a sufficient answer to the plea?

To say that the note was given for an usurious considcration, is substantially the same as to assert that it was usuriously agreed. Though the consideration is a part only of the agreement, yet it is a most vital part, and on the sufficiency of which depends the validity of the agreement. If the consideration was usurious, the agreement must be equally so. The gist of the plea and point presented, is usury, and the substantive fact asserted by the replication is, that there was no usury. In the case of *Waterman v. Haskin,* [a] a replication to a plea of usury, similar to the present one in all respects, was held to be good, and it was said that it might conclude to the country. In that case, reference is had to a number of reputable authorities, all tending to establish the same rule of pleading.

If the decision in the case of *Wright v. Elliott,* contains any thing repugnant to these principles of practice, I am unable to discover it. In that case, the judgment was reversed, on the ground that the Judge charged the jury " that the ignorance of the defendant or borrower, did not take the case out of the statute of usury." And that if the difference between the amount of money paid by the plaintiff on the execution, and the notes given by the defendant, was greater than the legal rate of interest, it was usury." It was decided that the charge was too broad, and that more than the legal rate of interest might be innocently reserved by inadvertence or mistake, and if so, it would not be usury. But surely by this decision, it could not have been intended to abolish the rules of pleading, or to establish any new principle in relation to usury? Usury is well defined to be a corrupt agreement to take or receive more than the legal rate of interest. This is the settled law in England as well as in several of the States, and I can perceive nothing peculiar in our statute of usury, which would require a different rule, and warrant us in departing from principles so well established by numerous precedents.

The corrupt intention to evade the law, and to reserve more than the legal rate, is the very essence of usury, and is a necessary ingredient to render a contract usurious. I am for reversing the judgment, and remanding the case.

Judgment affirmed.