## DREW v. HAYNE.

1. When the defendant in a suit at law fails in his defence, because the witness relied on to make it appear to the jury, fails to remember the circumstances which he is called to give in evidence, this affords no ground for equitable interposition.

Writ of Error to the Court of Chancery for the 19th District.

The case made by the bill is this :

In August, 1842, Drew purchased from Hayne a horse, under the agreement that he should be allowed to return him within three months, if he went lame of a certain defect, or failed in riding ; in which events Hayne was to take the horse back and return the note given for it. On this contract, Drew executed his note for $125, with one Wm. B. Goodgame as surety. When

Drew v. Hayne.

the contract was made, no one was present but Drew, Hayne and Goodgame. After a few days use, the horse was lame, from the particular defect, and was returned by Drew to Hayne within three weeks after the purchase, telling him in the presence of one Holloway, that he returned the horse according to the agreement. Hayne received the horse and turned him loose in the yard. Afterwards Hayne sued Drew and Goodgame on the note given for the horse, in the County Court of Dallas, in which suit judgment was rendered. Drew made every effort in his power to defend the suit, and states his belief that he would have gained the same, if Holloway, who was sworn as a witness could have remembered what passed between Hayne and himself when he returned the horse. Drew asserts that he could not make a witness of Goodgame, because he was sued in the same action, but if he could have done so, he did not think it necessary because he thought he could succeed on what he supposed would be the testimony of Holloway. Long before the trial of the cause Hayne had left this State for Georgia, and to some part of it unknown to Drew, so that interrogatories could not have been filed according to law.

The relief prayed by the bill is, that Hayne may be enjoined from prosecuting his said judgment; that Drew may be permitted to deposit a sum of money sufficient to answer the judgment, and have leave to examine Goodgame as a witness.

At the hearing, the Chancellor dismissed the bill for want of equity. This is now assigned as error.

G. W. GAYLE, for plaintiff in error.

G. R. EVANS, contra.

GOLDTHWAITE, J.—The principle which induced the Chancellor to dismiss the bill, is one entirely familiar in this Court, having been frequently acted on. A party cannot be heard to insist, in a Court of Equity, upon a defence which could properly have been interposed in the Court of Law, unless he has been prevented from using it by fraud, or accident, or the act of the opposite party, unmixed with fault or negligence on his own part. [French v. Garner, 7 Porter, 549; Cullum v. Casey, 1 Ala. Rep. N. S. 357; Lee v. Col. Bank, 2 Ib. 21.]

Here it appears that the party was perfectly advised of his

defence, but failed in making it appear, because the witness supposed to be conversant with the facts, failed to establish them. This sometimes happens, but it is not a reason for equitable interposition, as the party might either have filed his bill for discovery against the plaintiff at law, as a non-resident defendant, and thus have obtained relief, even if he omitted to answer. [Arnold v. Sheppard, 6 Ala. Rep. 299.] Or have filed his interrogatories under the statute, which being served on the attorney of record, would have produced the required answers, or a non-suit. [Jackson v. Hughes, 6 Ala. Rep. 257.] The failure then of the complainant in the suit at law, must be attributed to his own laches, in not calling upon the defendant at an earlier day for the discovery which he now seeks—or if otherwise, he is precluded from coming into equity at so late a period.

Decree affirmed.