## GOVERNOR, USE, &c. v. BARROW.

1. It is not a sufficient ground for the interposition of chancery, after a judgment at law, that a witness called by the defendants, to prove that certain receipts had been paid in money, testified that they had been paid in jury certificates, by reason of which mistake the party lost the benefit of his payment.

2. Nor is it any ground of equity, that the witness was intoxicated. A party who voluntarily goes to trial, with a witness in this condition, does so at his peril.

Error to the Chancery Court of the 6th Chancery District. Before the Hon. A. Crenshaw.

WATTS and DUVAL, for plaintiff in error.

PECK and BLOUNT, for defendant.

The defence at law was a good one, and it was defeated not by any fault or negligence on the part of the defendant. Is not this case, in principle, the same as though the defence at law had failed by reason of the loss of the receipts, without any negligence on the part of the defendant? If so, then the decree is right. Judge Story, in his Commentaries on Equity, says, if a judgment is recovered at law, by reason of the loss of a receipt, &c., which is afterwards found, chancery will enjoin the judgment, because it is inequitable to enforce the payment of such a judgment. 2 Story's Eq. § 894, 885, 886, 887.

Can this judgment be enforced, under the circumstances, without a violation of conscience? If not, then the decree is clearly right.

CHILTON, J.—The only question presented by the record in this case is, whether the chancery court should entertain jurisdiction of a bill to enjoin a judgment at law, upon the ground that the defendant at law failed to establish his defence by reason of the failure of a witness introduced by him, to prove certain payments. The witness, who was called by the defendant to show that certain receipts were paid in money, testified that they had been paid in jury certificates, by reason of which mistake of the witness, the party lost the benefit of such payments. It is insisted, that as the defence at law was a good one, and as it was defeated without any negligence or fault of the defendant in error, it is the same as if the receipt had been lost, and the defendant had failed in consequence of such loss. 2 Story's Eq. § 885-6-7, 894.

Courts of chancery, as will appear from numerous decisions, have evinced much reluctance as to entertaining bills to overhaul judgments of the law courts, when the subject matter set up as a defence has been decided upon by a jury and rejected. It is impossible however, from the infinite variety of circumstances which may attend the numerous causes

which occur, to lay down any general rule, which shall embrace each case.    The nearest approach to the establishment of a general rule, as applicable to cases like the present, is found in the doctrine, " that courts of equity will not interfere by injunction to restrain the adverse party from availing himself of a judgment at law, unless he was prevented from making his defence, which is legal, by fraud or accident, unmixed with any fault or negligence on the part of himself or his agents." 2 Story's Eq. § 887.

Such has been the settled doctrine of this court.    In the case of McGrew v. The Tombeckbee Bank, 5 Porter's Rep. 547, the complainant, against whom a judgment at law had been rendered under a supposition that he had no defence to make, (his principal being dead, and he not being advised of any defence, averred that he could not have availed himself at law of the defence of payment which had been made by his principal, because a knowledge of the facts did not reach him until long after the judgment had been rendered against him.    It also appeared that two other parties to the same note had been discharged in the trial at law, under the same defence set up by the complainant, they having appeared and obtained a continuance of the cause as to them, at the term in which judgment was rendered by default against the complainant. The court decide the bill contained no equity. That the complainant should have resorted to the officers of the bank for information—should have consulted with his co-sureties, &c.    It was dismissed at his cost.    Besides it was said, the plaintiff's bill was in the nature of a bill for a new trial in a court of law, and in that view cannot perhaps be entertained.    See also, Mock v. Cundiff, 6 Porter, 24; French v. Garner, 7 Ib. 549; Smith & Meade v. Lowry, 1 Johns. Ch. Rep. 320; Ib. 465; 4 Ib. 566; 6 Ib. 479; 7 Cranch, 336; Henderson v. Roberts, 18 Johns. Rep. 554; Hunt v. Simpson, 14 Ib. 63; Harrison v. Harrison, 1 Litt. R. 140. In Drew v. Hayne, 8 Ala. Rep. 438, it was held, that when a defendant in a suit at law fails in his defence, because the witness relied on to make it appear to the jury, fails to remember the circumstances which he is called to give in evidence, this affords no ground for equitable interposition.    So in Stinnett and Townsend v. The Br. Bank at Mobile, 9 Ala. Rep.

120, it was held, a court of chancery will not grant relief against a judgment at law, merely because, the judgment is inequitable, and the party was not allowed in equity to avail himself of a partial payment made by his principal, of which he had no knowledge before the judgment was obtained. The complainants in the case urging as an excuse for failing to attend the trial, the prevalence in Mobile, where the judgment was rendered, of an epidemic, the yellow fever, to an alarming extent.   See also, Br. Bank at Mobile v. Tilman, 10 Ala. Rep. 149; Jones & Spence v. Kirksey, Ib. 579; Mallory, et al. v. Matlock, Ib. 595.   In Woodworth v. Vanbuskirk, et al. 1 John. Ch. Rep. 432, it was held, by Kent, chancellor, that when a party went voluntarily to trial, if his principal witness deposed falsely, and contrary to his previous and repeated assurances to the complainant as to what he would prove, that the complainant should not be permitted in chancery to have a new trial for the purpose of impeaching the witness.   These cases, and many others which may be found in the books, satisfy my mind fully, that there is no equity in the complainant's bill.   To open the judgment at law, or perpetually enjoin it for the amount set up in the bill as paid by Cobb to the treasurer, would, under the circumstances shown by the bill and proof in this case, overturn a series of decisions of this court for several years past, and besides, would in my judgment lead to most mischievous consequences.   We are neither advised by the bill nor the proof, as to the amount justly due and owing from Cobb and the complainant, his surety as tax collector, to the defendant.   It may be that he owes greatly more than the jury have assessed against him, and the testimony of one of the witnesses strongly inclines the mind to this conclusion. The treasurer's books were open to inspection, as well as the books of the tax collector, and one of the main witnesses relied on as furnishing newly discovered evidence, was the attorney of the complainant in chancery, who managed his cause in the circuit court.   There was evidence adduced before the jury, and the receipts were canvassed before them, as well as the books of the county treasurer, and although

the receipts were excluded from them, it is impossible to say the proof had no effect in diminishing their finding.

That the evidence of Dunn, the treasurer for the county, which was the ground of the complainant's surprise, was given in when he was, as he states, intoxicated, cannot warrant the chancery court in entertaining jurisdiction. If the party voluntarily goes to trial, upon the testimony of a witness in this condition, he does so at his peril, and if he sustain an injury by his incapacity from intoxication to testify correctly, it is worthy of inquiring whether he has not his remedy against the witness. In any aspect in which we can view the case, we are satisfied the complainant in the bill is not entitled to the relief sought. He has not shown such diligence either in acquainting himself with the facts of his defence, or in the manner of making it, as should entitle him to resort to a court of equity, and if he had, from all the circumstances surrounding the case, we should more likely do injustice to the defendant below, in granting the relief, than to him in refusing it.

Let the decree of the chancellor be reversed, and the bill dismissed with cost.