## STEPHENS ET AL. v. NORRIS, STODDER & CO.

1. The circuit court has no power to direct an amendment of a judgment *nunc pro tunc*, after such judgment has been affirmed on certificate in the supreme court; and a writ of error will lie to this court, upon the judgment of the court ordering such amendment.
2. An amendment of an error in the original judgment, cannot be made in the supreme court.

Error to the Circuit Court of Lowndes. Before the Hon. E. Pickens.

Cook, for the plaintiff in error.

W. Hunter, for defendant in error.

1. The circuit court had jurisdiction—although its judgment was merged in that of the supreme court, as is decided in Wiswall v. Munroe, 4 Ala. 19. Yet it did not lose all power to correct its own entries. This was an affirmance on certificate, and consequently this court has no record to amend by; and from the necessity of the case, the circuit

court in which the record remains, must make the amendment. Besides, the statute says the clerk shall calculate the judgment from the note. This cannot be done here. How can this court know but that there are payments indorsed. See Clay's Dig. 325, § 70.

2. But if the court had no jurisdiction, and the proceeding was *coram non judice*, no writ of error will lie on its void order; and nothing can be done but dismiss the writ of error, according to the decisions of this court.

But if the court should hold the circuit court had no jurisdiction, and its orders of amendment are void, then this court is moved on the petitions and records herewith submitted, to make the proper order for the amendment *nunc pro tunc*.

CHILTON, J.—The question is, whether the circuit court had the power to allow an amendment of its previous judgment, *nunc pro tunc*, after such judgment had been affirmed upon certificate in the supreme court.

In Wiswall v. Monroe, 4 Ala. Rep. 19, it was held, that that when the judgment of the inferior court was superseded by a writ of error bond, and was affirmed by this court, the effect of such affirmance was, to merge the judgment of the inferior, in that of the supreme court; and that an execution issued on the judgment of the inferior court, after its affirmance, would be quashed. We are satisfied with this construction of, the act of 1826, and it follows, that as the judgment of the circuit court was merged, sunk, by the judgment of this court that no amendment could properly have been made. We have been unable to find any authority which will sustain the judgment *nunc pro tunc*, and we think upon principle, it is indefensible. We do not agree however with the counsel for the defendants in error, that it is so utterly void that no writ of error will lie. The court has jurisdiction over the subject of amendments, but has, as we conceive, erroneously exercised it in rendering a judgment against the plaintiffs in error. The judgment must therefore be reversed.

A petition is filed in this court with the record, praying that if the court should deem the correction of the judgment in the circuit court irregular, that the correction may be

made in this court. This court doubtless has the power to correct its own judgments *nunc pro tunc*, so as to make them conform to the truth of the case, but there must be something to amend by. Here the judgment was affirmed on certificate—no record was filed, and the judgment rendered by this court is in conformity with the certificate upon which it is predicated. To receive the proof at this time, that an error existed in the judgment of the circuit court, which was amendable in that court, and which should have been amended before the affirmance in this, and to grant the relief prayed by the petition, would clearly involve the exercise of original, not appellate jurisdiction. It has been the uniform practice of this court to deny similar motions.