## NORRIS, STODDER & Co. *vs.* COTTRELL ET AL.

1. In assumpsit on a promissory note, a judgment by default having been rendered, the clerk of the court made a mistake in computing the interest due on the note, and judgment was entered for less than the amount really due. The defendant took the case to the Supreme Court, by writ of error, at the term next ensuing, but neglected to file the transcript, and the judgment was affirmed on certificate. *Held,*

That the plaintiff in the original judgment is entitled to go into equity to have the mistake corrected. (Dargan, C. J. and Chilton, J. *dissenting.*)

ERROR to the Chancery Court of Lowndes.

Tried before the Hon. J. W. Lesesne.

This bill was filed by the plaintiffs in error against the defendants in error, and sets out the following state of facts. A judgment by default, in assumpsit on a promissory note, was rendered at the Spring Term, 1845, of the Lowndes Circuit Court, in favor of the complainants against the defendants in error. The clerk of the court, at the time of entering up the judgment, made a mistake in the computation of interest, and entered up judgment for less than the amount really due.

The defendants sued out a writ of error upon this judgment, and superseded the execution by giving bond; but having neglected to file the transcript, the judgment of the court below was affirmed on certificate, at the next ensuing term of the Supreme Court, and before the mistake was discovered. At the Fall Term, 1847, of the Circuit Court of Lowndes, the mistake having been discovered, a motion was made in that court to correct the mistake and amend the judgment, which was granted, and the judgment was amended accordingly. This judgment was subsequently reversed by the Supreme Court, upon the ground that the judgment of the Circuit Court was merged in the subsequent judgment of affirmance in the Supreme Court, and that the Circuit Court no longer had the power to amend it. After this, a petition was filed in the Supreme Court to have the mistake there corrected, which was denied, on the ground that there was nothing in this court to amend by. The bill further alleges, that complainants had often requested defendants to correct the mistake, and that they refused to do so.

The answer of Cottrell admits all the material allegations of the bill, but alleges that he was only a surety on the note on which judgment was rendered, and that his principal and co-surety were both insolvent. He insists that the mistake was the result of the complainants' own negligence, that their remedy was complete at law, and that, having lost their remedy at law by their own neglect, they could not be relieved in equity.

The chancellor dismissed the bill for want of equity, and his decree is now assigned for error.

LAPSLEY & HUNTER, for plaintiffs in error:

1· A record is nothing more than a written memorial of the contract of the parties, or the action of the court upon it, made by a public officer authorized by law to perform that function, and, like any other memorial or written evidence, may be amended in matters of mistake by a Court of Chancery. Bouv. Law Dic. Title Record ; Story's Equity, §§ 160, 166; Jeremy's Eq. Juris. Book 3, Chap. 4, § 5 ; Comyn's Digest, Title " Chancery, 3 W ;" Burnesley v. Powell, 1 Vesey, Sr. 289.

2. This is an ancient and original ground of equity juris-diction, which is not taken away by the statutory jurisdiction conferred upon the courts of law. Tindall v. Childress & May, 2 Stew. & P. 250; Crawford v. Childress, 1 Ala. 482.

3. But in this case there was no remedy at law, either by a judgment *nunc pro tunc*, or by an independent action. Ste-phens v. Norris, Stodder & Co. 15 Ala. 79; Oliver v. Holt, 11 Ala. 574.

4. As to the question of diligence; in the first place, that question does not arise. The bill is to correct the Supreme Court entry, which was made wrong in consequence of the erroneous certificate of the clerk below, which followed the erroneous judgment entry; and in the second place, the com-plainants have not been guilty of any negligence. The stat-ute makes it the sworn duty of the clerk to compute the in-terest in such cases, and suitors cannot be held responsible for his mistakes.

I. B. STONE, *contra:*

1. The party had his remedy at law, and lost it by his own negligence and inattention. The general rule is, that if a party becomes remediless at law by his own negligence and inattention, equity will leave him to bear the consequences. 1 Story's Eq. § 146; 4 John. Ch. R. 566; 5 Porter, 547, and cases there cited.

2. It was the duty of the plaintiffs in error to have looked over the judgment entry, and to have seen that the judgment was rendered up for the proper amount. Having failed to do so, they cannot be relieved in a court of equity. McGrew v. The Tombeckbee Bank, 5 Porter, 547; 13 Ala. Rep. 540; Drew v. Hayne, 8 Ala. Rep. 438.

3. Equity will not interfere unless all the parties concerned can be placed in *statu quo*. The record shows that the princi-pal is now insolvent, the co-surety is dead, his estate insol-vent and finally settled. If the court should undertake to correct the mistake at this late period, manifest injustice would be done to innocent persons.

PHELAN, J.—The mistake which occurred in the calcu-tion of the interest was clearly a mistake of the clerk. The statute devolves upon him expressly the duty of calculating

the interest, when a judgment by default is rendered on a note, bill, or other writing ascertaining the plaintiff's demand. Clay's Dig. 325, § 70.

The right to correct such a mistake as this, by motion to amend in the same court in which it occurs, at any time within three years from its occurrence, is conferred by statute upon the party affected by it. Clay's Dig. 322, § 55.

The original judgment in this case was removed by defendant, by writ of error, to the Supreme Court, at the term next succeeding that of the court below at which it was rendered. The plaintiff in error in that case neglected to file the transcript, and the judgment below was affirmed on certificate. In this way the judgment below was merged in the judgment of this court, and no effectual motion to amend under the statute could be made anywhere; not in the court below, for it no longer had jurisdiction of the case, Wiswall v. Munroe, 4 Ala. 19; and not in this court, for there was nothing in the record to amend by. Stephens et al. v. Norris, Stodder & Co. 15 Ala.

To hold that the mistake of the clerk, in which this state of affairs originated, or the act of the defendant in error in suing out his writ of error on that judgment, should, either separately or taken together, have the effect to deprive the plaintiff of the remedy given him by statute, to amend by motion within three years, and leave him without any other remedy, on the ground that this had been lost by his *laches*, is not consistent with sound reason or justice. He was not responsible for the act of the one, and could in no wise control that of the other, and upon well settled principles, he cannot be prejudiced by either or both.

The cases of McGrew v. The Tombeckbee Bank, 5 Porter, 547, 13 Ala. 540, and Drew v. Hayne, 8 Ala. 438, to which we have been cited by the counsel for defendant in error, are, as we conceive, entirely distinguishable from the case at bar, in the fact that here we find no neglect properly imputable to the plaintiffs in error, for the mistake in the calculation of the interest in the Circuit Court. The statute allowed him three years to find out and *correct* this by motion. But if the law allows him to repose on the calculation of the clerk at all, it will not hold him to the duty of detecting the mistake by the

inspection of the certificate, which is issued to him when the case is taken to the Supreme Court by the defendant; for that contains only the amount of the judgment below, without showing what is principal and what is interest, and in this the clerk would necessarily embody his own mistake, without any of the means for its detection which existed in the record that the plaintiff in error declines to bring up. See the case of Mechanics' Bank of New York v. Minthorne, 19 Johnson, 244.

Under such circumstances, the case was a clear one for the exercise of the old and acknowledged jurisdiction of a court of equity to correct mistakes, and the court below erred in dismissing the bill.

The decree of the court below dismissing the bill is reversed, and the cause remanded.

CHILTON, J.—This bill, in my opinion, was properly dismissed. The ground of equity asserted by it is, that the clerk in computing the amount of the note made a mistake, computing it at too small a sum, and that the judge entered up judgment for the sum thus ascertained. If chancery has jurisdiction to correct this alleged mistake, it seems to me there would be no stopping point for such a jurisdiction. If the mistake of the clerk is a ground of equity, the mistake of the jury or of the judge, by parity of reasoning, is equally so. The party is as much bound to be present and superintend, either by himself or his counsel, the calculation of the clerk and entry of the judgment for the proper amount, as he is to attend to the verdict of the jury and the judgment thereon rendered. In either case, if an error is committed, he has his remedy: in the first, by moving to correct the judgment; in the second, by asking for a new trial. If, however, he waits until either remedy at law is taken away, he has no right to come into chancery. It was his duty to have been in court, and protect his interest; and failing to do this, it is impossible, it seems to me, to say that he has been guilty of no laches.

It is said, it was the duty of the clerk to make a correct calculation, and if he fail to do so, the party who had a right to repose on his act should not be prejudiced. The same may be said of the act of the jury or of the judge, and upon the

same principle, if either commit an error, or mistake, the party may come into equity for relief.   But the constant rule of decision has been, to deny relief in the nature of a new trial at law.   The party should have sought the new trial in the law court, and having allowed the court to pass without doing so, he is remediless.

The Chief Justice concurs with me in this opinion.