# McArthur *v.* Dane.

*Appeal from Order Quashing Execution.*

61  539·
102  373,
61  539
e143 208

1. *Case explained.*—When this case was here at a former term (see *Dane v. McArthur*, 57 Ala. 448), on appeal from a judgment against Dane and his sureties, this court was compelled to correct a clerical error, and to amend the judgment so as to operate against Dane alone ; and having to correct this error before the judgment could be affirmed, could not, and did not, award damages on affirmance; the judgment of the Circuit Court against Dane was not disturbed, nor was it decided that its judgment for damages was erroneous.

2. *Affirmed judgment; can not be corrected or altered by lower court.*—A judgment of the lower court affirmed on appeal, is merged in the judgment of this court, and can not be altered by the lower court; nor by this court, after the expiration of the term at which it was rendered.

3. *Damages against sheriff for failure to pay over money; what motion sufficient to support judgment for.*—The statute prescribes the damages recoverable of a sheriff in a summary proceeding for failure to pay over money collected on execution; and if the motion sets forth the facts with sufficient certainty, it is in effect a motion for the damages also, and will support a judgment awarding them.

4. *Receipt; when will not amount to satisfaction.*—A receipt in full, on payment of a less sum than was actually due by the sheriff, on a judgment against him and his sureties, for his failure to pay over money collected on execution, will not prevent the issue of execution afterwards to collect the statutory damages, where the plaintiff in the judgment was ignorant of his right to any damages, at the time the receipt was given ; in that event, the receipt will only operate as satisfaction *pro tanto.*

APPEAL from Circuit Court of Mobile.

Tried before Hon. H. T. TOULMIN.

This is an appeal by McArthur from an order of the Circuit Court quashing an execution in his favor against Dane.

It appears from the record that on the eighth day of March, 1875, McArthur recovered a judgment in an attachment suit against one Blodgett in the Circuit Court, for the sum of $344.62 costs. Execution was placed in the hands of Dane, who was then sheriff, but he erroneously applied the proceeds of the sale of the property levied on, to the satisfaction of other executions in his hands.

[McArthur v. Dane.]

On the ninth of April, 1875, McArthur gave notice of a motion for a summary judgment against Dane and his sureties for failure to pay over the money. The notice was of a motion for judgment against the defendants for the amount of the Blodgett judgment and interest from date of its rendition. The Circuit Court, on the 19th day of June, 1875, rendered judgment against Dane and his sureties for the amount of the judgment, with damages at the rate of five per cent. a month from the date of the rendition of the Blodgett judgment, and for costs.

On Dane's appeal to this court, this judgment was amended "so as to show that it was rendered against Dane alone, and as thus amended is affirmed in all things as to said Rufus Dane." It was [further considered that the sureties upon Dane's appeal-bond pay the costs of said appeal, in said Supreme Court, and in the Circuit Court.—See *Dane v. McArthur*, 57 Ala. 448. This judgment was duly certified to said Circuit Court.

Afterwards, on November 10th, 1877, the clerk issued an execution on this amended judgment, which commanded the sheriff "that of the goods, lands and tenements of Rufus Dane, you cause to be made the sum of three hundred and sixty-eight dollars, with damages thereon at the rate of five per cent. a month, since the 10th of April, 1875, which John McArthur recovered of him, by judgment of our Circuit Court," beside costs.

! Dane, thereupon, moved to quash the execution, and for a *supersedeas* thereof, and in support of his motion, offered a receipt of John McArthur, which reads as follows:

"Received, Mobile, August 29th, 1877, from Rufus Dane, late sheriff of Mobile county, four hundred and seventy dollars and three cents, being in full for judgment, interest and damages in the case of John McArthur against Rufus Dane, late sheriff of said county, and his sureties on his official bond, upon a judgment rendered against them on the 19th day of June, 1875, in the Circuit Court of Mobile—also received costs refunded me in the case of myself against John Blodgett, from the said Circuit Court of said county. The costs in the case of *John McArthur v. Rufus Dane* and his sureties are all to be paid by said Dane or his said sureties.

"JOHN McARTHUR.

"Witness:   JEROME ESLAVA."

The execution of this receipt and the circumstances under which it was obtained, were shown by affidavits of Eslava and Dane, which in some respects conflicted with that of

[McArthur v. Dane.]

McArthur. It appears, however, that McArthur was ignorant at the time he gave the receipt and until some time afterwards, until his counsel informed him, that he was entitled to the five per cent. damages. The court quashed the execution, and McArthur excepted. This ruling is now assigned as error.

McKINSTRY & SON, for appellant.—The alleged irregularities in the original notice of motion, and in the judgment affirmed by this court, are not available on the present appeal. The term at which that judgment was rendered has expired, and the Circuit Court had no power to correct or question that judgment.—20 Ala. 373; 44 Ala. 361; 1 Brick. Dig. p. 106.

The receipt of McArthur was obtained from him when he was in ignorance of his rights, and therefore does not conclude him.—2 Porter, 526; 5 Ala. 430; 21 Ala. 750; 11 Allen, 112; 44 Mo. 444; 39 Ga. 605; 1 Johns. Ch. 141; 2 Verm. 210.

OVERALL & BESTOR, *contra.*—The *original motion and notice* in this case, served on Dane, and on which the case was tried, contained no claim for damages. It is a motion for a specific amount of money, and that full amount with the legal interest upon it, has been paid to John McArthur.

The judgment went beyond the notice and claim, and is for an uncertain amount. A judgment for a specific amount with the addition of five per cent. a month damages on said amount, is void for uncertainty. A notice against a sheriff for failing to pay over money, &c.; must show that the party intends proceeding for *damages* as well as the amount collected and interest, otherwise the former are not recoverable. *Barton v. Lockart,* 2 Stew. & Port. 109; *Brazeal v. Smith,* 5 Ala. 206. A judgment should show the specific amount of money recovered. Without this requisite, it is no judgment. Minor, 185; 16 Ala. 828. The specific amount of money recovered, as shown by the judgment has been paid. The judgment has been satisfied, and this execution should be superseded or quashed.—3 Ala. 653; 17 Ala. 339; 20 Ala. 399–420.

When this case was before this court, at the December term, 1877, the judgment for the amount of money collected by Dane and improperly paid over to Vass & Co., is affirmed in favor of McArthur, but expressly "*without damages.*"—See opinion in that case.

A judgment can only extend to the matters put in issue by the pleadings, and as no damages of five per cent. a month were claimed in the notice, none could legally be incorporated in the judgment.—Freeman on Judgments, §§ 257, 258.

STONE, J.—When the case of *Dane v. McArthur* was in this court at a former term, we corrected a clerical error in the judgment-entry, and affirmed the judgment against Rufus Dane. But inasmuch as the clerical error had to be corrected, and was corrected in this court, before the judgment could be affirmed, the result was that no damages were, or could be awarded by this court on the affirmance. Hence we said, in the opinion in that case, "affirmed, but without damages adjudged on affirmance in this court."—*Dane v. McArthur*, 57 Ala. 448; Code of 1876, § 3946; 1 Brick. Dig. 81, § 178, *et seq.* In the language copied, we neither said, nor intended to say that the judgment for damages in the Circuit Court was reversed or disturbed. The result of our decision was to affirm.in all respects the decision of the Circuit Court against Mr. Dane, and to reverse and annul it as against his sureties. The affirmance here rendered merged the judgment of the Circuit Court in ours, authorized execution to be issued from that court for the collection of the judgment as there rendered against Dane, and placed it out of the power of the Circuit Court to alter or change that judgment in any respect.—*Norris, Stodder & Co. v. Cottrell*, 20 Ala. 304; *Wiswall v. Monroe*, 4 Ala. 19; *Stephens v. Norris*, 15 Ala. 79.

The present proceedings originated on a motion to quash the execution issued on the affirmed judgment against Rufus Dane. Two reasons are urged why we should affirm the judgment quashing the execution. First, the settlement made by Dane with McArthur, and the receipt in full given by the latter. We concur in opinion with the circuit judge that when this receipt was given, McArthur did not know, and was not informed by any one, that he was entitled to five per cent. a month on the amount of money held by Dane, the sheriff. If he had been so informed, and had then received a less sum in full payment of the amount due, such receipt and discharge would, under our statute, have operated a full payment and acquittance of the judgment. Code of 1876, §§ 3039, 3040. Such, however, is not the present case. We think the receipt can only operate as a partial payment. The second reason urged for an affirmance of this judgment is, that the motion against the sheriff did not give

[Alexander v. Caldwell.]

him notice that the statutory damages would be claimed against him, and hence, the judgment for damages is not supported by the pleadings. It is perhaps a sufficient answer to this to say, that the original judgment of *McArthur v. Dane* is not before us on this appeal, and hence, we can not consider the regularity of that judgment. That judgment was affirmed in this court, and was thus, as we have seen, placed beyond the modifying power of the Circuit Court. On this appeal, it is even beyond our modifying power. But we do not think the motion insufficient. Damages, in such case, are given by statute; and when the motion was made for judgment against the sheriff for not paying over the money on demand, this was, in effect, a motion for such judgment as the statute in such cases authorizes. Code of 1876, §§ 3284, 3356, 3357.

The judgment of the Circuit Court, quashing the execution is reversed, and *procedendo* awarded to the Circuit Court.