# *Ex parte* Henderson *et al.*

*Application for Mandamus to Chancellor requiring him to entertain a Petition to correct Note of Testimony of Cause in Supreme Court.*

1. *Power of courts to correct records.*—All courts have inherent power to correct their records so as to make them speak the truth, even after final decree and appeal to a higher court. This power exists until the judgment or decree of the lower court becomes merged in the judgment of the appellate court by affirmance.

2. *Same; mandamus.*—*Mandamus* will issue to compel a chancellor to consider and pass upon a petition praying a correction in the note of testimony in a cause appealed from his court and pending in the appellate court.

[Ex parte Henderson et al.]

3. *Notice; demurrer; appearance.*—A demurrer filed to a petition is sufficient appearance to dispense with notice.

4. *Demurrer; amicus curiæ.*—Demurrer can not be filed by *amicus curiæ.*

This was an application to the Justices of the Supreme Court for a writ of *mandamus* to Chancellor McSpadden requiring him to entertain and pass upon a petition filed in the Talladega Chancery Court praying a correction of the note of testimony in a cause now in the Supreme Court on appeal from said lower court. There was filed in the lower court a motion by *amicus curiæ* to strike the petition from the files, and a demurrer; which motion and demurrer were filed by the attorneys for the appellees in the cause appealed to this court.

KNOX & BOWIE, for petitioners.

PARSONS & PARSONS, *contra.*

STONE, C. J.—This is an application for *mandamus* to Hon. S. K. McSpadden, chancellor of the N. E. Division, sitting in and for Talladega county, requiring and commanding him to entertain and pass upon the petition of relators, praying a correction of the note of testimony in the case of John Henderson, now revived in the names of his heirs-at-law, against Charles Pelham *et al.*, lately pending and decided in said court, and now in this court by appeal. A petition was filed in the court below, praying for such correction. The chancellor sustained a demurrer to the petition and dismissed it, on the ground that there had been a final decree in that court and an appeal to this court, which was still pending and undetermined.

The case made by the petition is in the nature of an application for an amendment *nunc pro tunc.* All courts have the inherent power to correct their records, so as to make them speak the truth, even after final decree, and after appeal to this court. And that power exists until the judgment or decree of the lower court becomes merged in the judgment of this court by affirmance.—*Stephens v. Norris,* 15 Ala. 79; *Norris v. Cottrell,* 20 Ala. 304; 1 Brick. Dig. 78 §§ 129 to 163; *Moore v. Lesueur,* 33 Ala. 237; 3 Brick. Dig. 577–8. The chancellor erred in the reason he gave for his ruling.

The petition was *prima facie* sufficient, and the demurrer filed was a sufficient appearance to dispense with notice.

Demurrer can not be filed by *amicus curiæ.* The chancellor should so far consider the petition, as to pronounce on the proofs offered.—*Steele v. County Comm'rs,* 83 Ala. 304.

A rule *nisi* is awarded to the Hon. S. K. McSpadden, chancellor, to show cause why a mandamus shall not issue as prayed for, unless in the mean time he entertains and considers relator's petition for amendment of the note of testimony. The rule to be returnable on Tuesday, the fourth day of December, 1888.