**ELBA BANK & TRUST CO. v. DAVIS et al.**
**(4 Div. 166.)**

(Supreme Court of Alabama.   Nov. 27, 1924.)

1. **Equity** ⊙⟲148(3)—Bill to cancel deed or declare it to be mortgage, asking for accounting and redemption of mortgage in alternative, not multifarious.

Under Code 1907, § 3095, bill asking cancellation of deed, or that it be declared a mortgage, for an accounting and redemption of a mortgage in alternative, is not multifarious.

2. **Usury** ⊙⟲12—Act of lender in exacting unlawful interest constitutes usury, regardless of borrower's intent.

Where lender knowingly and intentionally included a greater rate of interest in notes and mortgage than is legal under Code 1923, § 8567, there is usury, even though borrower does not know he is contracting for or paying usurious interest.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Bill in equity by Jane E. Davis and G. E. Davis against the Elba Bank & Trust Company and the First National Bank of Elba. From a decree overruling demurrer to the bill, respondent Elba Bank & Trust Company appeals. Affirmed.

By the amendment to the bill it is alleged, on information and belief, that appellee computed, charged, and included, in all of the several accounts, notes, mortgages, and other instruments which complainants executed to it, interest at a greater rate than 8 per cent. per annum, or a charge at the rate of 8 per cent. on the principals when same were due in less than one year, thereby making the rate greater than 8 per cent.; that such interest charges were included in the face of the papers, whereby they were rendered usurious; that such papers were drawn up by the agents of the bank; that complainants are unlettered persons, unable to read or write, kept no accounts of the transactions, but relied upon the agent of the bank to keep the records, compute interest charges, and draw up the papers, complainants signing by mark. Wherefore it is alleged complainants are unable to state the specific items, amounts, and dates of the several usurious interest charges with greater particularity.

W. W. Sanders, of Elba, for appellant.

A bill presenting more than one distinct cause of action for relief is multifarious. 1

Daniell's Ch. Pr. 384; Story's Eq. Pl. § 272; Truss v. Miller, 116 Ala. 494, 22 So. 863; Burford v. Steele, 80 Ala. 147. The pleader must particularly set forth the terms and nature of the usurious agreement. Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55; Bernheimer v. Gray, 201 Ala. 462, 78 So. 840; Irby v. Bank, 208 Ala. 617, 95 So. 28; Zadek v. Burnett, 176 Ala. 80, 57 So. 447. In order to constitute usury, there must be a contract or agreement to receive and pay more than the lawful rate of interest; the creditor and debtor must mutually agree, the one to receive, the other to pay. Webb on Usury, § 30; Bank v. Waggener, 9 Pet. 378, 9 L. Ed. 163; Uhlfelder v. Carter's Adm'r, 64 Ala. 527.

P. B. Traweek, of Elba, for appellees.

The bill is free from demurrer in charging usury. Code 1923, § 8567; Blue v. First Nat. Bank, 200 Ala. 129, 75 So. 577; Wild v. Crum, 207 Ala. 132, 92 So. 252; Williams v. Noland, 205 Ala. 63, 87 So. 818. Counsel discusses other questions, but without citing additional authorities.

ANDERSON, C. J. [1] The bill is filed by Jane E. Davis and her husband to cancel a certain deed made by them, or to have the same declared a mortgage, and to redeem, and also seeks discovery and an accounting. The bill shows that these complainants' were joint vendors and mortgagors throughout and that they have a joint and common interest in canceling or adjusting their joint obligation, notwithstanding the wife may own the land and the husband the personal property embraced in the conveyances. Each have a joint interest in all the credits that should go to the mortgage indebtedness made by either of them, or arising from a sale or conversion by respondent of the mortgaged property, and it matters not as to the ultimate result or status of ownership between them, and they are jointly liable upon the mortgages prima facie, though the wife claims nonliability because of being surety for her husband. They ask for an accounting and redemption in the alternative, and this does not render the bill multifarious. Section 3095 of the Code of 1907; Forcheimer v. Foster, 192 Ala. 218, 68 So. 879, and cases there cited.

[2] To constitute the offense of usury, there must be an intent to do something which is in violation of the statute. In accordance with the weight of authority, it is sufficient if this unlawful intent is entertained by the lender alone against whom the usury acts are aimed, and the fact that the borrower does not know that he is contracting for or paying usurious interest is immaterial. But in some jurisdictions it is said that usury is predicated upon a contract, and cannot exist unless the unlawful intent is shared by both lender and borrow-

er; that is, the excessive payment must have been made and received in accordance with the terms of a mutual agreement. 39 Cyc. 920. It seems that the averments of the bill of complaint, that the respondents knowingly and intentionally included a greater rate of interest in the notes and mortgages executed by the complainants, though ignorant of the fact, brings the case within the influence of section 8567 of the Code of 1923, under our early case of Wright v. Elliott, 1 Stew. 391, reaffirmed in Wright v. Minter, 2 Stew. 453. The case of Uhlfelder v. Carter's Adm'r, 64 Ala. 527, cited by appellants' counsel, is not in conflict with this holding, as it merely decides that, in determining whether or not the contract is infected with usurious interest, there must be an intent to take or reserve more than lawful interest—not an intent both to take and pay more than lawful interest.

We also think that the bill as last amended sufficiently sets out, so far as the complainants are able, the item or items constituting usury. Williams v. Noland, 205 Ala. 63, 87 So. 818.

The trial court did not err in overruling the demurrer to the bill as amended, and the decree is affirmed.

Affirmed.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.