(121 So. 548)

**TENNESSEE VALLEY BANK et al. v. CLOP-TON et al.  (8 Div. 51.)**

Supreme Court of Alabama.  April 4, 1929.

182

S. A. Lynne, of Decatur, for appellants.

G. O. Chenault, of Decatur, for appellees.

BROWN, J. ▆ Rule 46 of Chancery Practice, Code of 1923, vol. 4, p. 920, providing that "an amendment to a bill, or the filing of an amended bill, shall not set aside a decree pro confesso as to any defendant to the original or any other bill, *nor shall a decree pro confesso for want of an answer to an amendment or an amended bill operate as a decree pro confesso on the original or any other amended bill already answered*," is not in conflict with the statutes regulating amendments to bills in equity, Code 1923, §§ 6558–6561, and was not abrogated by Acts 1915, p. 705, the provisions of which were subsequently incorporated in these statutes in the recodification of the statute laws of the state.

This rule, and the statute (Code, § 6561), deny the authority of the clerk or register to enter a decree pro confesso on a bill already fully answered, and authorized such proceeding as to amendments; the provisions of the statute being that "the like proceedings may be had as upon an omission to answer as to the amendment." Code, § 6561.

The decree pro confesso entered by the register, taking the averments of the original bill, which had been fully answered, as confessed against the defendant Tennessee Valley Bank, was erroneous. Sims, Ch. Pr. § 507; 2 Daniell, Ch. Pr. 829. And the subsequent proceeding before the register for the oral examination of witnesses, without notice to defendant bank, predicated on this erroneous decree pro confesso, denied to said defendant a statutory right. Code, § 6577, rule 65, Chancery Practice.

▆ It may be conceded that the appearance of the defendants by filing a demurrer to the bill as amended dispensed with the necessity of serving a copy of the amendment on them, as required by the statute, Code of 1923, § 6559; Ex parte Henderson, 84 Ala. 36, 4 So. 284; and was sufficient predicate for a decree pro confesso to be entered according to the statute and the rule of practice; but this appearance and the ruling of the court on the demurrer did not deprive the defendant bank of the rights arising from its full answer to the original bill.

▆▆ The interrogatories filed by the complainants to the defendant bank appear to have been filed under the provisions of section 6570 of the Code, providing that, "if the complainant wishes to examine the defendant touching the matters at issue, he may exhibit interrogatories to the defendant *and call upon him to answer the same;* and on his failure to answer them within such time as may be prescribed by the register, the court may, by attachment, compel him to answer them, or may render a decree granting relief to the complainant, or may extend the time for such answers to be made."

And section 6571 provides: "Upon the filing of interrogatories under either of the two preceding sections, the register *must issue a*

*copy thereof, which, together with a copy of the order of the register* fixing the time for answering them, must be served upon the party to whom the interrogatories are propounded, or his solicitor, not less than thirty days before the expiration of such time."

There is transcribed in the record here the original interrogatories, in which nothing appears calling on the defendant to answer them, other than their mere filing, followed by the order of the register in these words: "Upon the filing of the foregoing interrogatories *it is ordered that a copy of the same* be served on the Tennessee Valley Bank, and that answers sworn to by the officer or agent of the bank who has knowledge of the facts be filed in this case within 60 days after the service thereof." And following the indorsement "Interrogatories of Complainants to Respondents" is the sheriff's return in these words: "I have executed the within by serving *a copy of the within interrogatories* on R. H. Tweedy, Jr., agent for Tennessee Valley Bank, Courtland, Alabama."

It is settled law that, "notwithstanding the circuit court is a court of general jurisdiction, yet when it undertakes the exercise of the jurisdiction conferred by these statutes, it becomes quoad hoc a court of inferior or limited jurisdiction," and "the existence of jurisdictional facts" will not be "inferred but * * * must affirmatively appear on the face of the record." Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903.

This rule renders inapt, as an authority, H. H. Hitt Lumber Co. v. Turner, 187 Ala. 56, 65 So. 807, dealing with the sufficiency of the services of process before justices of the peace, where it was observed, parenthetically, referring to the summons and complaint in that case: "We may presume from the appearance thereof as shown in the transcript that the summons and the complaint were on the same paper." Moreover, it was there held it was unnecessary to serve a complaint on the defendant in suits commenced before justice of the peace, inasmuch as service of the summons met the requirements of the statute.

Here taking the order of the register and the sheriff's return together, and giving full credit to the statement in the sheriff's return, it shows no more than a service of a copy of the interrogatories. This does not meet the jurisdictional requirements of the statute to place the defendant bank in contempt, so as to authorize a final decree in default of such answers.

The controlling purpose of the bill is to quiet the complainants' asserted title, and was clearly filed under article 1 of chapter 336, Code of 1923, §§ 9905–9911, and the fact that it seeks to cancel a mortgage because it was paid, and in the alternative to redeem, does not render the bill multifarious, and the demurrers to the bill were overruled without error. Code, § 6526; Elba Bank & Trust Co. v. Davis, 212 Ala. 176, 102 So. 117; Macke v. Macke, 200 Ala. 260, 76 So. 26; Staples v. Barret, 214 Ala. 680, 108 So. 742, 46 A. L. R. 1084; Tallassee Oil & Fertilizer Co. v. Royal, 209 Ala. 439, 96 So. 620; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The rights of the appellant Ussery are so interlocked and dependent on the right of the bank that they cannot be adjudged separately without injustice to the bank, and for the errors pointed out the decree must be reversed as to both appellants.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.