# Knabe v. Rice.

*Bill in. Equity to enjoin Enforcement of Execution.*

1. *Decree of probate court; conclusive and not open to collateral attack.*
The decree of the probate court in the exercise of its jurisdiction,
legally attached, is of equal dignity with the judgments or decrees
of courts of law and equity, and is conclusive on the parties and their
privies, not only as to all facts actually litigated and decided, but of
all facts necessarily involved in the rendition of the decree; and such
decree is not open to collateral attack, nor will a court of equity re-
open such decree of the probate court except upon special grounds
of equity, which would justify the reopening of judgments or decrees
of other courts.

2. *Injunction to restrain enforcement of execution from probate court.—*
When an injunction to restrain the enforcement of an execution,
issued from the probate court on a decree rendered against an ad-
ministrator on final settlement, is dissolved, and a certificate of such
dissolution is duly certified to the probate court, as required by
statute (Code, § 3529), and thereupon an execution is issued from
said court against the principal and sureties on the injunction bond,
a bill filed to enjoin the enforcement of such execution, on the
ground that the administrator, by the direction of the judgment
creditor, had paid the amount due him to certain named persons,
which was a complete defense to the suit in which said creditor re-
covered the judgment against the administrator, but does not allege
any fraud, accident or act of the judgment creditor, which prevented
the interposition of such defense in the probate court, is without
equity, and a demurrer thereto is properly sustained.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JERE N. WILLIAMS.

Joseph Silva was the tenant of appellee, W. P. Rice,
and died intestate. At the time of his death said Silva
was indebted to said Rice for unpaid rent. The appel-.
lant, J. P. Knabe, qualified as administrator of the
estate of Joseph Silva, deceased, in the probate court of
Montgomery county. The claim of Rice was properly
filed against the estate of Silva within the time pres-
cribed by law, and on the final settlement of the estate

in the probate court the claim was allowed, and a decree rendered against the administrator, J. P. Knabe, for the amount thereof. Execution was issued on this decree and levied on certain property of said Knabe. Knabe & Scott (real estate firm of which J. P. Knabe, in his individual capacity was a member) then filed a bill in the chancery court of Montgomery county to enjoin the sale of the property of Knabe levied on under the decree of the probate court against him as administrator of Silva's estate. A temporary injunction was obtained, which on motion of appellee was thereafter dissolved and the bill dismissed. Appellee then caused said decree to be duly certified to the probate court by the register in the manner prescribed by section 3529 of the Code, and execution was thereupon issued by the clerk of the probate court against Knabe & Scott and their co-obligors on the injunction bond. The present bill is filed by J. P. Knabe to enjoin the enforcement of the execution issued by the clerk of the probate court on the certified copy of the decree of the chancellor, against the obligors on the injunction bond filed by Knabe & Scott in the suit above referred to. The bill alleges that prior to the final settlement by Knabe of his administration of the Silva estate, the said Knabe, as such administrator, had turned over the money due Rice from said estate to Knabe & Scott under an agreement made between Knabe & Scott and Rice, by which the latter agreed that Knabe, as administrator of the estate of Silva, deceased, should turn over to said firm the money received by him from the Silva estate, as an indemnity against any liability by reason of their having become sureties on a certain bond theretofore executed by said Rice. The bill further alleges that the question of their liability on said bond is still undetermined.

The respondents demurred to the bill, on the grounds, among others, 1. That the bill seeks an injunction against a decree of the chancery court. 2. The bill seeks to enjoin the enforcement of an injunction bond. 3. That the bill attacks collaterally a decree of the probate court on a subject matter of which the probate court had full jurisdiction. 4. That the bill shows that the equities of said bill have been adversely determined by a court of competent jurisdiction, whose judg-

[Knabe v. Rice.]

ment is of full force. The respondents also moved to dismiss the bill for the want of equity.

On the submission of the cause upon the demurrers, the chancellor held that they were well taken, and sustained them; and upon the complainant failing to amend his bill within the 30 days allowed by such decree, the chancellor rendered a final decree dismissing the bill, and ordering the preliminary injunctions dissolved. The complainant appeals, and assigns as error the several decrees of the chancellor.

EDWIN F. JONES, for appellant.

T. SCOTT SAYRE, *contra*.—The decree or judgment, the enforcement of which is sought to be enjoined in the present suit, is in effect a decree of the chancery court. Proceedings to enforce an injunction bond can never be enjoined. If the injunction was properly dissolved, the obligation of the bondmen became fixed. If improperly dissolved, it could only have been corrected by an appeal.—*McCalley.v. Wilburn*, 77 Ala. 549; High on Injunctions, § 161.

The fact that the administrator failed to claim credit for the payment of amount due Rice, the judgment creditor, on the final settlement of the estate, furnishes no ground for the relief prayed for in this suit. Certainly this is true, in the absence of any allegations of fraud, accident, or some act by Rice, which prevented his interposing such defense to the recovery of the judgment against him in the probate court.—*Wilson v. Randall*, 37 Ala. 74; *Carroll v. Moore*, 7 Ala. 613; *Moore v. Lesueur*, 33 Ala. 237; *Duckworth v. Duckworth*, 35 Ala. 70.

However erroneous the probate court decree may have been, it can not be collaterally attacked in this proceeding.—*Collier v. Falk*, 66 Ala. 223; *Murphree v. Bishop*, 79 Ala. 404; 10 Amer. & Eng. Encyc. of Law, p. 884, and notes; High on Injunctions, §§ 113-116; 165; 166.

BRICKELL, C. J.—The original bill in any of its aspects, is wanting in equity, and there was no error in sustaining the demurrers and dissolving the injunction. The payment of the money due from Knabe, as administrator of Silva, to Rice to Scott & Knabe, by the consent and direction of Rice, was a satisfaction of the

claim of Rice against Knabe as administrator: It was the equivalent of a payment to Rice directly and personally; and was as available to Knabe, on the rendition of the decree in the court of probate on the final settlement of his administration, as would have been the receipt or release of Rice. The only difference was in the mode of proof of the fact of payment, and that does not change or affect the nature and legal efficacy of the fact itself. It is not now an open question, that the decrees of the court of probate, in the exercise of its jurisdiction, are of equal dignity with the judgments of courts of law, and as conclusive, not only of the facts actually litigated and decided, but of all facts necessarily involved in their rendition; and a court of equity will not re-open them in the absence of special equities which would justify re-opening the judgments of courts of law. *Otis v. Dargan*, 53 Ala. 178; *Waring v. Lewis*, 53 Ala. 615. There is no fraud, accident, no act of Rice alleged, which prevented Knabe from interposing the payment he had made as a defense in the court of probate. If the payment was in fact made, and he has lost the benefit of it, the loss is attributable only to his own fault or neglect, and á court of equity is powerless to relieve the negligent.

Affirmed.