2s 515
107 482

---

## McBROOM v. SOMMERVILLE et al.

1. A security in an injunction bond filed his bill for relief against a judgment rendered against him on the bond: It was held that he could not go into the merits of the previous decree rendered against his principal, nor of the original judgment at law which had been injoined, no fraud being alleged in the rendition of the decree.
2. Under some circumstances, the sickness and inability of counsel to attend Court may entitle a party to relief in equity; but if there are counsel in attendance who are unprepared, a motion for a continuance, or new trial at law, is the proper remedy.
3. A Court of Equity cannot, any more than a Court of Law, compel a party to relinquish a security he has fairly acquired, or change it for another. Therefore equity cannot substitute a person as defendant in a judgment in place of another.
4. Where a bill is dismissed for want of prosecution, it operates as a discontinuance, and does not prevent the bringing of a new bill.

THIS was a proceeding in Chancery, determined in

Madison Circuit Court, and brought by writ of error to this Court by William McBroom, the complainant below.

In October, 1827, McBroom filed his bill against Alexander Sommerville, James Black, David Ireland, and also against James J. Thornton, John McKinley, Oliver S. Halstead, and Arthur F. Hopkins, their attorneys. The material facts of which, as recited and summed up in the opinion delivered in this Court, are, that Black and Ireland, merchants trading under the firm of Black & Ireland, were indebted to Sommerville, on a note made by them to him for $4,800, on which there remained due the sum of $3,798 50; that they transferred and assigned to him notes and accounts due by divers persons to an amount sufficient to pay the debt, without recourse, except only in case of insolvency found by a due course of law; that subsequently, Sommerville met with Black, one of the firm, in Nashville, and having heard that he had shipped a quantity of cotton to the city of New Orleans, for the purpose of paying for a parcel of cotton bagging, which he had directed to be shipped to that port from Scotland, informed him that he had attached the cotton to pay the debt of Black & Ireland; that this was a false representation made by Sommerville; that in fact no attachment had been levied; that Black, with a view to raise the attachment on the cotton, gave his own covenant to Sommerville, to pay him a sufficient quantity of the cotton bagging to discharge the residue of the debt of Black & Ireland; that most of the notes and accounts transferred by Black & Ireland, could have been collected by due diligence. It is further charged, that Sommerville instituted a suit against Black on the covenant; that Black employed Arthur M. Henderson, (his co-partner, James W. McClung being absent,) to defend the suit, and gave him his papers, evidence and instructions for the defence, and having important business, left the United States, and went to Scotland, under the belief that his defence would be made; that Henderson was dangerously ill, and unable to attend at the trial: that McClung was unprepared and unable to make his defence, and in consequence thereof, that judgment was rendered against him for $2,762 damages, besides costs; that Black filed his bill to injoin the judgment against him, stating substantially the facts above noticed, and that Sommerville, in his answer, admitted the material facts charged in the bill; that he admitted that the covenant had been given under the impression that the cotton had been attached in New Orleans, but that in fact it had not been; but he

averred that the judgment was not for more than was actu-
ally due him, and denied all fraud; that he admitted the
sickness of Mr. Henderson, the absence of Black, and that
he did not deny the inability of Mr. McClung to make the
defence, but denied any negligence in the collection of
the notes and accounts transferred. The bill further al-
leges that for the purpose of obtaining an injunction on this
bill of Black; that he, Black, gave an injunction bond, in
which the complainant, McBroom, together with one Gas-
ton, became bound as his security. He also charges that
there was a final decree dismissing the bill of Black, and
that judgment has been obtained against him on the in-
junction bond in favor of Sommerville. He does not al-
lege any fraud or collusion in obtaining the decree dismiss-
ing the bill; he states that Ireland is solvent, and that Black
is insolvent. The prayer of the complainant's bill, is, that
Sommerville and his attorneys be injoined from collecting
the amount of the judgment obtained against the complain-
ant, that an account may be taken of the proper amount
for which he is chargeable on the notes and accounts, and
if any thing be found due on such accounting, that it be
decreed to be paid by Ireland; there is also a prayer for
general relief, &c. At October term, 1827, in the Court
below, the defendants moved to dismiss the bill for want
of equity on its face, which motion the Court sustained,
and the bill was dismissed. This was here assigned for error
by McBroom, the complainant, who died pending the suit
in this Court, upon which his administrators were made
parties.

GAYLE, HUTCHISON, and CRAIGHEAD, for the appellant,
argued, and cited 1 Maddox's Chancery, 205. 2 Thomas
Coke, 506, (n. 3.) 14 Johnson, 79. 1 Wheaton, 6. 1 Star-
kie's Evidence, 191-2-3. 199, 3. Wilson. 304. 6 Term
Reports, 607. 4 Term Reports, 146. 2 New Hampshire
Reports, 26. 5 Massachusetts, 334. Cooper's Equity
Pleading, 271, 274. 1 Atkyns, 571. 17 Massachusetts,
237, 2 Atkyns, 44. 4 Brown's Chancery Reports, 60.
4 Johnson's Chancery Reports, 123, 300. Gilmer's Re-
ports, 159. 3 American Digest, 83. 7 Johnson's Chance-
ry Reports, 1. Fell on Guaranty, 214. 17 Johnson, 384.
4 Dess. Reports, 44, 227. 1 Pothier, 246, 247. 10
Johnson's Reports, 524. Paley on Agency, 249, 250. 6
Johnson's Reports, 126. 1 Johnson's Chancery Reports,
73. 2 Dallas's Reports, 236. 1 Washington's C. C.
Reports, 320, 14 Johnson's Reports, 501.

JANUARY 1830.
McBroom
v.
Sommerville,

HOPKINS, for the appellees, argued in reply, and cited 2 Harrison's Chancery, 193, 195. 1 Harrison's Chancery, 141, 142, 143. 2 Vesey, sen'r. 630. 1 Johnson's Cases, 492, 496. 3 Henning & Munford, 67.

By LIPSOMB, C. J. The complainant prays that the judgment obtained on the covenant, and the decree dismissing Black's bill, may be opened, and that if this cannot be done, then that Ireland may be substituted in the judgment on the injunction bond in his place.

The counsel for the complainant insist that this bill is in the nature of a bill of review, and that Chancery ought to allow him all the equity that Black was entitled to. In answer to this position, it will be only necessary to say, that it does not contain a single essential ingredient of a bill of review; and as there is no fraud alleged in obtaining the decree, there cannot be the smallest pretence for opening and revising the matters charged in that bill; we presume that its merits were fully discussed, and duly considered on the final hearing. It is not important to inquire whether a sufficient excuse was rendered by Black in his bill, for not making his defence at common law when sued on his covenant, all the facts set up by him as grounds of relief could have been used in his defence at law, and it does seem, if we were disposing of that question, that his shewing is a very imperfect one. There is no fraud suggested in the management of the suit, nor in obtaining the judgment. It is true that the inability of counsel from sickness, to attend to a suit, would be a ground of relief under certain circumstances; it is not denied but that Mr. McClung was present, attending to the suit at law when it was tried, and we will presume he felt himself fully prepared for its defence. If the sickness of his partner, Mr. Henderson, had left him unprepared for the defence, it should have been made a ground for a continuance before the trial, or of a new trial after verdict; neither of these modes was resorted to, and we are invoked to draw an inference of surprise without the facts to warrant such a conclusion. The same liberal indulgence is claimed for Black's not sufficiently pressing his rights before the Chancellor on the final hearing of his bill. But as before remarked, these are considerations that grow out of points not material in disposing of the case, for we are certainly not to consider whether the final decree dismissing the bill was based on sound principles of equity or not. The case in 2 Johnson's

JANUARY 1830.

McBroom
v.
Sommerville.

a Page 213.

Chancery Reports, [a] is conclusive, that so far as the complainant seeks relief from Sommerville, that he has no merits at all; it is clear that unless there had been fraud in dismissing the bill on the final hearing, the security to the injunction bond is not entitled to relief. The cases referred to by the complainant's counsel are not in point, and cannot, it is believed, in any degree apply to this case; if a bill has been dismissed for a failure to prosecute, it would not conclude the complainant; he might bring his bill again, and the former dismissal would be no more than a nonsuit or a discontinuance at common law. And this is the doctrine of the authorities relied on by the complainant's counsel; but even in such cases, the security would not be discharged from the forfeiture of his bond.

It is urged, that as the debt was originally due from the firm of Black & Ireland, and that Black had given his own covenant for the firm debt; that the complainant is entitled to the same recourse against Ireland, that he would have had against Black, and he therefore prays that Ireland may be substituted in his stead in the judgment on the injunction bond. If the liability of Ireland was admitted, yet the conclusion that he ought to be substituted in the place of the complainant, would not follow, for it is certain that if Black himself was solvent, Sommerville could not be compelled to discharge the complainant, and seek satisfaction of his judgment from him; how can a Court of Chancery, any more than a Court of Law, compel a party to relinquish a security, or to change it without his consent, when the liability of such security had been incurred without fraud? If the bill, so far as it professes to be an original bill, had have sought to make Ireland account over to the complainant, the inquiry would then have been, has he any equitable claim for such reimbursement? But as that has not been done, we will decline expressing any opinion of the liability of Ireland to the complainant; if he has any grounds for calling on him for reimbursement, the dismissing of this bill will not preclude his asserting them in a proper form. We are unanimously of the opinion that the decree dismissing this bill, must be affirmed, with costs.

Judge White not sitting.