# Martin & McTyer v. Hudson.

*Rehearing under Section 2814 of Rev. Code.*

1. *Motion to quash; when should be overruled.* — A petition for rehearing at law should not be dismissed and the *supersedeas* quashed, on a mere general motion not pointing out any specific defect. Such a motion is in effect a mere general demurrer.

2. *Rehearing at law; what necessary to authorize.* — To authorize a rehearing at law, under the statute, there must concur a valid defence, the failure to make it (without fault on the part of the petitioner) resulting from surprise, accident, or fraud, and the exercise of all reasonable diligence to interpose the defence before judgment.

3. *Same.* — Where the failure to make the defence was due to the accidental absence from sickness of the witness by whom the proof was to be made, it must be shown that he was the only witness by whom the defence could be established; a rehearing not being authorized on account of the failure to introduce mere cumulative or corroborative evidence.

APPEAL from Eufaula City Court.
Tried before Hon. E. M. KEILS.
The opinion states the case.

BUFORD & DENT, for appellant.

BENJAMIN GARDNER, *contra.*

BRICKELL, C. J. — Prior to the Code, the term of the court was the limit within which the power of granting new trials could be exercised. 2 Brick. Dig. 276, § 3. The Code enlarges the power of the court in this respect, and authorizes a grant of rehearings in particular cases, on application properly made, after the close of the term at which final judgment was rendered. R. C. §§ 2812–28; *Pratt & McKenzie v. Kiels & Sylvester*, 28 Ala. 390; *White v. Ryan & Martin*, 31 Ala. 400.

The section of the Code under which this application is made provides, that if a party is prevented from making his defence by surprise, accident, mistake, or fraud, without fault on his part, he shall be entitled to a rehearing, on application made within four months from the rendition of judgment. R. C. § 2814. It is observable, that the statute is framed in almost the identical language of the rule on which a court of equity proceeds in granting or refusing relief, against a judgment at law, because of defences available in a court of law. Hence, in construing the statute, and in determining the right to relief under it, the decisions of the court of chancery have been regarded as furnishing controlling analogies.

The application in this case was made within the prescribed time, after due notice to the appellee. It avers a full and complete defence to the suit in which the judgment was rendered,

[Martin v. Hudson.]

— the defence being payment of the demand.  It also avers
that this defence would have been established by the evidence
of one of the petitioners who made the payment, and that by
reason of very sudden and unexpected illness, he was prevented
from being present on the trial.   That on the evening before
the trial, he saw his attorneys and notified them where to send
for him, when the case should be called, but a short distance
from the court-house.   The case being called, each party an-
nounced readiness for trial, and he was sent for, but was found
too ill for attendance, and was under the influence of morphine
to such an extent that he was not conscious.   On being in-
formed of these facts, an application for a continuance was made
by his attorneys, which was refused, as was an application that a
verified statement of his evidence should be received instead of
his oral examination.   A *supersedeas* was granted on the filing
of the petition.   When the application came on to be heard in
the city court, the appellee made a general motion, not assign-
ing any specific cause, to quash the *supersedeas* and dismiss
the petition, which was granted.   Under our system of plead-
ing and practice, we doubt if such a motion should ever be en-
tertained.   The statute of amendments, is very liberal, and ex-
tends to the curing of nearly every fault, defect, or mistake,
which may be committed in pleading, or in the suing out of
process.   That such faults, defects, or mistakes may be clearly
pointed out, and the party afforded the opportunity of correct-
ing them, by amendment, if he can consistently with the facts,
no general demurrer is allowed, but each demurrer must be for
matter of substance, distinctly stated.  R. C. § 2656.  A motion
of this character, in a case of this kind, is in effect a general
demurrer.   It can reach no defect, of which at common law
advantage could not be taken by a general demurrer.   It in-
volves every mischief which is sought to be avoided by abol-
ishing general demurrers.   The party against whom it is inter-
posed has not his attention called to the particular defects in
his pleading, at which the motion is aimed, so that by amend-
ment he can cure them.   On appeal to this court, the judg-
ment might be affirmed or reversed because of objections not
taken in the primary court, and which, if made there, the
result reached here would be avoided.   The motion should
have been overruled, and we are bound to pronounce that the
court erred in granting it.

The statute under which this application is made confers
a right to a rehearing only on defendants who had a valid
defence, which they were prevented from making, by surprise,
accident, mistake, or fraud, without fault on their part.   To
authorize a rehearing, there must be a concurrence of a valid
defence, — the failure to make it, must have resulted from sur-

[Martin v. Hudson.]

prise, or accident, or mistake, or fraud, and there must have
been the exercise of reasonable diligence to interpose the
defence before judgment. *White* v. *Ryan & Martin*, 31 Ala.
400; *Shields* v. *Burns*, Ib. 535; *Stewart* v. *Williams*, 33 Ala.
492.

The application in this case discloses a valid defence. It
further discloses that the absence of the petitioner, on whose
evidence it was expected to make the defence, was an accident.
That this absence was communicated to the court and its
cause, so soon as it was known, and made the ground of an
application for a continuance. That it was not earlier known,
cannot be attributed to any fault of the petitioners, or their
counsel. The petition does not, however, disclose that the
petitioner was the only witness by whom the defence could be
proved. The want or discovery of merely cumulative evidence
is not, as a general rule, ground for a new trial. Otherwise, it
has been said, "not one verdict in ten would stand. Some cor-
roborating evidence may always be found or made; and the
trial by jury would become the most precarious of all trials."
Hilliard on New Trials, 380, § 13. It is perhaps a stricter
rule in equity, that it will not relieve against a judgment at
law, because of mere cumulative evidence to establish a legal
defence. Hilliard on Injunctions, 182, § 56. The rule should
be strictly applied to applications for a rehearing at law. If
the application is because of the absence of cumulative evi-
dence — evidence corroboratory, or in support of evidence of-
fered to establish an attempted defence — the application should
not be granted. Jury trials, and judgments are now lamenta-
bly precarious, without permitting this statute (intended only
for extreme cases, and to substitute for a remedy existing be-
fore only in equity, an easier and more expeditious remedy at
law) to be perverted into a mere instrument for procuring
new trials, protracting litigation, and a temptation to fraud
and perjury in the fabrication of evidence, to meet the neces-
sities of a defence, once condemned by verdict and judgment.

The petition should have averred that the petitioners had no
other evidence of the payment than the testimony of the peti-
tioner, prevented by sickness from attendance. If there was
no written evidence of the payment, and he was the only per-
son, other than the plaintiff, to whom the fact of payment was
known, a clear case for relief under the statute exists.

It is insisted by the counsel for appellee, that entertaining
the petition will in effect be a revision and reversal of the
action of the city court on the application for a continuance, — a
matter resting entirely within its discretion. The application
for a continuance was properly made, to relieve the petitioners
from the imputation of *laches*. If they had not made it, they

[Bailey v. Litten.]

could not have affirmed they were prevented without fault on their part from making their defence. They would have failed to take one of the measures provided them by law, to secure a hearing at law. The application is a fact only, touching the question of diligence. The correctness of the action of the court in refusing it does not come under review. *McBrown* v. *Somerville*, 2 Stew. 515 ; *Phair* v. *Reynolds*, 3 Ala. 521.

The judgment is reversed and the cause remanded.