# *Ex parte* Johnson & Seats.

*Petition for Mandamus to Circuit Court.*

1. *Rehearing after final judgment at law; filing petition.*—A petition for a rehearing after final judgment at law, under the statute (Code of 1876, §§ 3161–66), must be presented to the judge in person, and a filing with the clerk of the court is not equivalent to such presentation.

APPLICATION by petition for a *mandamus* to the Circuit Court of Madison, Hon. LOUIS WYETH presiding, to compel

that court to grant a rehearing, or new trial, in a certain cause therein lately pending, wherein one A. J. Hannah was plaintiff, and the petitioners, Johnson & Seats, were defendants, and in which a judgment by default was rendered against said defendants. The circuit judge dismissed the petition for a rehearing, because it was not presented to him within four months after the rendition of the judgment, although it was filed with the clerk within that time; to which ruling the petitioners reserved a bill of exceptions.

BRANDON & JONES, for the petitioners.

BRICKELL, C. J.—This application involves a single question: Is the filing of a petition for a rehearing of an action at law, with the clerk of the court in which judgment was rendered, within four months after the rendition of the judgment, equivalent to the presentment of the petition to the judge of the Circuit Court, to whom it may be addressed? The question must be answered in the negative. The power to entertain such a petition in vacation is statutory, which no judge, or court, had at common law. The statute prescribes the mode of proceeding; and when the exercise of the power is invoked, that mode of proceeding must be observed. Neither parties, nor courts, can substitute another, or dispense with any requisition of the statute. It is not only unauthorized, but useless, to present the petition to the clerk. He has no authority to receive it, no authority to introduce it into the files, and no authority to issue any process founded on it. Until it has been presented to the judge to whom it is addressed, and he has decided to entertain it, and ordered a *supersedeas* of the execution of the judgment, the petition does not become a paper of the court, and the clerk has no duty to perform in reference to it. His first duty is the taking and approval of the bond, and the issue of the *supersedeas*, in obedience to the order of the judge. The power to entertain the petition, and to make the order for the *supersedeas*, is a power belonging not to the Circuit Court, but to a judge thereof. The notice of the time·of presenting the petition to the judge, to whom it may be addressed, is to be given by the petitioner. No officer of the court·is charged with, or authorized to perform, that duty. Four months from the rendition of judgment is the time within which the petition must be presented to the judge; and if not presented within that period, he is without power to entertain it. The filing of the petition with the clerk was unauthorized; and no presentment of it having been made to the circuit judge, until more than four months after the

rendition of judgment, it was his duty to refuse to entertain it.

The application for a *mandamus* must be denied, at the costs of the relators.