[Courie & Co. v. Goodwin.]

# Courie & Co. *v.* Goodwin.

*Garnishment on Judgment; Claim of Exemption.*

1. *Waiver of exemptions in note; how lost or abandoned.*—In an action on a promissory note, commenced in a justice's court, if the complaint alleges that the note contains a waiver of exemptions, but the waiver is not noted in the judgment, it is lost and abandoned, and can not be afterwards asserted in a proceeding by garnishment on the judgment, where the answer of the garnishee sets up the fact that the admitted debt is claimed as exempt wages.

2. *Exemption of wages.*—Wages due, in the hands of a garnishee, may be claimed as exempt, not exceeding $25 per month (Code, § 2512); but the claim must be made by the debtor himself, and verified by affidavit, and it is not sufficient that the garnishee suggests in his answer that he has been notified of the claim.

3. *Same; conflict between judgment-entry and bill of exceptions.*—A claim of exemption by a judgment debtor, for an admitted debt in the hands of a garnishee, is a part of the record proper, if rightly interposed; and when it is not shown by the judgment-entry, or any other part of the record proper, being only suggested in the answer of the garnishee, a recital in the bill of exceptions, among the agreed facts, "that the defendant claimed said amount due him by the garnishees was exempted as wages," will not be allowed to control the judgment-entry, or held to mean that the claim was properly interposed by the debtor himself.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by John D. Goodwin against Allen Banks, and was commenced in a justice's court, on the 26th September, 1888. The cause of action was the defendant's promissory note for $17, which contained a waiver of "personal exemptions," and a stipulation for the payment of $5.00 as an attorney's fee for collection; and it was so described in the complaint filed in the justice's court. On the 22d October, 1888, the justice rendered judgment in these words: "Judgment for plaintiff, for $23.92." On the 20th April, 1889, the plaintiff sued out a garnishment on this judgment, which was served on A. A. Courie & Co. as the debtors of Banks. The garnishees appeared, and answered, alleging that they "are in no way indebted to said defendant, except that he is in their employment as a laborer, and they pay him $20 per month as wages; and garnishees say that the same is exempt from garnishment, and said defendant has notified them that the same, as his wages, is

[Courie & Co. v. Goodwin.]

exempt from garnishment." The judgment of the justice was in these words: "Garnishees come into open court, and file written answer, and further answer orally to having paid defendant $15 since the garnishment was served on them. Whereupon the court gave judgment against the garnishees for $15, and the garnishees appeal to the Circuit Court."

On the trial in that court, the cause was submitted to the court *without a jury*, "on the following agreed facts," first stating the institution of suit on the note, the recovery of judgment, and the service of the garnishment, and then adding: "(2.) That said garnishees had defendant in their employment as a laborer at the time, and paid him $5.00 per week as wages, and owed him at the time $15 under that contract. (3.) That defendant was at that time, and up to the time of the trial, a *bona fide* resident citizen of Alabama. (4.) That said defendant claimed that said amount due him by the garnishees was exempt to him as wages, under the laws of Alabama, from levy under writ of garnishment; and said garnishees claimed that they could not be garnisheed for said amount, as the same was exempt from garnishment as wages due from them to defendant. The court then *charged the jury* (?) on request of plaintiff, 'upon the agreed facts, you will find for the plaintiff, and assess his damages at the amount due by the garnishees.' The defendant and the garnishees now tender this as their bill of exceptions," and they here assign the charge of the court as error.

G. L. COMER, for appellant.

C. C. SHORTER, *contra*.

McCLELLAN, J.—No waiver of exemptions is involved in this case. The original complaint in the justice's court counts on a note alleged to contain a waiver of exemptions, and the note which is made a part of the bill of exceptions does contain such waiver. But no reference to that fact, nor ascertainment of it, appears in the judgment rendered by the justice against the debtor, Banks, nor in the subsequent judgment rendered on garnishment in the justice's court against the garnishees, Courie & Co. From this last judgment alone the appeal was taken to the Circuit Court, and a judgment there rendered against the garnishees, from which the present appeal is prosecuted. The alleged waiver not being ascertained and declared in the main suit, our opinion

[Courie & Co. v. Goodwin.]

is, that the plaintiff lost all benefit he might otherwise have had therefrom in the garnishment proceedings based on that judgment.—Code, § 2570. And hence we deem it immaterial to inquire whether the waiver alleged applied to wages falling due from the garnishees to the defendant.

The defendant was entitled to claim these wages as exempted to him, and, if his claim were sustained, to defeat judgment against the garnishees; but to this end it was essential that he should file his claim, verified by oath, in the court in which the garnishment was pending, by analogy to the claim required by the statute (Code, § 2533); though the claim need not contain an inventory of the defendant's property, since his exemption of wages, to the extent of twenty-five dollars per month, does not depend upon the amount of property he may own. No such claim is shown in this record.

The answer of the garnishees suggests that the defendant has notified them that he claims the wages in question to be exempt. This can not take the place of the verified claim required by the statute to be filed by the claimant himself. It is true, that the bill of exceptions taken in the Circuit Court sets forth that the case was there "submitted on the following agreed state of facts . . . 4. That said defendant claimed that said amount due him by the garnishees was exempt to him as wages . . from levy under writ of garnishment." But, if this recital of the bill of exceptions may be looked to at all, as to a fact which can properly be shown only by the record, it will be construed most strongly against the appellant, and not allowed in any event to contradict the record. The record, according to the certificate of the justice, contained no claim of exemption on the part of Banks, the defendant, except that which appeared from the answer of the garnishees. Moreover, the certificate is an affirmation that no other claim was ever filed in the cause in the justice's court. It is not pretended that such claim was filed in the Circuit Court, or that the agreement quoted refers to a claim there interposed. Having in mind the rule of construction adverted to, and protecting the record from falsification by the bill of exceptions, the recital of the latter, to which reference has been had, must be held to mean that the defendant interposed the claim only in the manner shown by the answer of the garnishees. This, we have seen, was not sufficient to raise the issue; and the judgment of the Circuit Court, which ignored the question of exemption, must be affirmed.