(126 So. 110)

**HURT et al. v. KNOX. (1 Div. 536.)**

Supreme Court of Alabama. Jan. 23, 1930.

Stevens, McCorvey, McLeod, Goode & Turner and Thornton & Frazer, all of Mobile, for appellants.

A. S. Whiting, Robt. H. McConnell, and H. Embree Smith, all of Mobile, for appellee.

BROWN, J. (after stating the facts as above). [1, 2] It has been repeatedly ruled here that the jurisdiction conferred upon law courts by the statute, section 9521 of the Code, authorizing a rehearing and requiring the application to be made within four months from the rendition of the judgment, is statutory and limited; that such proceeding is not a continuation of the proceeding in the original case, but is the commencement of a new action. Evans v. Wilhite, et al., 167 Ala. 587, 52 So. 845; Renfro Bros. v. Merryman & Co., 71 Ala. 196; Martin v. Hudson. 52 Ala. 279; Ex parte Johnson & Seats, 60 Ala. 429.

As was held in the case last cited, the clerk of the court has no authority to receive the petition, "no authority to introduce it into the files, and no authority to issue any process founded on it. Until it has been presented to the judge to whom it is addressed, and he has decided to entertain it, and ordered a supersedeas of the execution of the judgment, the petition does not become a paper of the court, and the clerk has no duty to perform in reference to it. His first duty is the taking and approval of the bond, and the issue of the supersedeas, in obedience to the order of the judge. The power to entertain the petition, and to make the order for the supersedeas, is a power belonging not to the Circuit Court, *but to a judge thereof.*" (Italics supplied.) Ex parte Johnson & Seats, 60 Ala. 430; Code of 1923, §§ 9522, 9523, 9524.

■ To state the proposition in other words, while the jurisdiction and power to grant relief against the judgment is a power that is conferred on the court, not the judge, Code of 1923, § 9525, the initial steps in the proceedings, essential to a quickening into exercise of this jurisdiction, is the presentation of the petition to the judge for "the necessary order for a supersedeas to issue." Code of 1923, § 9523.

■ Such was the interpretation placed on these statutes in Ex parte Johnson & Seats, supra, more than a half of a century ago, and they have been repeatedly brought forward in the several Codes since without change, with the result that this interpretation has become a part of these statutes by legislative adoption. Spooney v. State, 217 Ala. 219, 115 So. 308; Ex parte Gay, 213 Ala. 5, 104 So. 898; Barnewall v. Murrell et al., 108 Ala. 366, 18 So. 831. '

■ It not affirmatively appearing on the record that the petition for rehearing was presented to the judge within four months from the rendition of the judgment of condemnation, it was properly stricken from the files for want of jurisdiction in the court to entertain it, and the order of the court striking the petition will not support the appeal taken therefrom, and therefore that appeal will be dismissed here ex mero motu. Gunter v. Mason, 125 Ala. 644, 27 So. 843; Temple v. Dooley, 196 Ala. 360, 71 So. 683; Dunning v. Holcombe, 203 Ala. 546, 84 So. 740; Adams v. Wright, 129 Ala. 305, 30 So. 574.

■ The separate appeals of the judgment defendant and the garnishee are from the same judgment, and the motion to consolidate these appeals is ill-advised and will be overruled.

Roberts et al. v. Kemp, 218 Ala. 350, 118 So. 656, and cases of like import, holding, on a joint appeal by two or more parties, wherein all join in the assignments of error, that errors prejudicial to some of the appellants only are unavailing to reverse, is not an apt authority here, where both the appeals and assignments of error are separate.

■ Section 8056 of the Code provides that: "When the defendant resides within the state, and the garnishment is issued on a judgment or decree, or in a pending suit in which an appearance has not been entered for the defendant, the officer issuing the garnishment must issue notice thereof to the defendant, which notice must be served on him at least five days before judgment against the garnishee."

This statute in its present form first appeared in the Code of 1896 as section 2176, and was brought forward in this form through the Code of 1907 as section 4305.

It is conceded that the notice was not served on the appellant Hurt, but appellee contends that, in as much as the only right affected was the defendant's right to claim the debt garnished exempt, and he having waived this right, as declared in the judgment of July 30, 1927, if error intervened, it was error without injury—and cites as sustaining this contention the case of Georgia & Alabama Railway v. Stollenwerck, 122 Ala. 539, 25 So. 258.

While some reference is made in that case to section 2176 of the Code of 1896, an examination of that case shows that the garnishment was sued out on the 24th day of March, 1897, 11 months before the Code of 1896 went into effect, on February 17, 1898. It may be further noted that the defendant in that case was a nonresident of the state, and this statute as it appeared in the Code of 1896, and in the subsequent Code, in no way deals with the right of nonresident defendants. Therefore the utterances in that case as to the effect and scope of this statute must be pronounced dictum, and not controlling as an authority here.

Some of the rights of the defendant affected by the failure to give notice, as re-

quired by the statute, are: His right to give bond and dissolve the garnishment, Code 1923, § 8064; his right to contest the answer of the garnishee, Code § 8077; his right to discharge the original judgment and have a judgment against the garnishee, section 8087, Code; and his right to assert his exemptions as against the judgment, section 7896. All these rights are concluded by the judgment of condemnation, unless the defendant appeals and procures its reversal. Section 8065, Code; Montgomery Gaslight Co. v. Merrick & Sons, 61 Ala. 534.

The statute prescribes how the right to exemption from levy and sale may be waived, and how the waiver may be judicially declared. Code §§ 7960–7963. The last-cited section provides that: "In any suit, at law or in equity, in which a waiver of the right of homestead or other exemption is sought to be enforced, the fact of waiver and its extent must be averred in the complaint, petition, or bill, and by appropriate pleading may be controverted; and if such averment is sustained, the fact of waiver and its extent must be declared in the judgment or decree," etc.

It is well settled that, when acting in the exercise of its general powers, the circuit court being a court of superior and general jurisdiction, every intendment will be indulged to sustain its judgments and decrees, and they may not be impeached, except by direct appeal, unless want of jurisdiction affirmatively appears on the face of the record. But when such court exercises a special statutory power, its proceedings are governed by the rules applicable to courts of statutory and limited jurisdiction, and nothing shall be intended to be within its jurisdiction but that which is expressly alleged. Goodwater Warehouse Co. v. Street, 137 Ala. 621, 34 So. 903; Wilmerding v. Corbin Banking Company, 126 Ala. 268, 278, 28 So. 640; Pullman Palace Car Co. v. Harrison, 122 Ala. 149, 25 So. 697, 82 Am. St. Rep. 68; Tennessee Valley Bank et al. v. Clopton et al., 219 Ala. 181, 121 So. 548. The statute makes specific provisions as to the method of waiving exemptions, of pleading such waiver, and requires that "the fact of waiver and its extent must be declared in the judgment or decree." Code 1923, §§ 7960–7963.

And as has been repeatedly ruled, the design of the statute is to provide the mode by which the claim of waiver of exemptions may be appropriately presented in the pleadings, so that an issue in respect to the waiver may be made and determined, and the result declared in the judgment. Fears v. Thompson, 82 Ala. 294, 2 So. 719; Story Mercantile Co. v. McClellan, 145 Ala. 629, 40 So. 123; Courie & Co. v. Goodwin, 89 Ala. 569, 8 So. 9.

In exercising the power to determine such issue and declare a waiver of exemptions in its judgments, the jurisdiction of the circuit court is statutory and limited, and, in the absence of an averment of such waiver in the complaint, such determination must be treated as a nullity.

The rendition of the judgment condemning the debt due from the garnishee, without notice to the defendant as required by statute, must, therefore, be pronounced reversible error, and the judgment reversed as to both appellants. Tennessee Valley Bank et al. v. Clopton, supra.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.