(128 So. 599)

### COLLINS PAVING CO. v. HOLSEAPPLE et al.

### 8 Div. 147.

Supreme Court of Alabama.

May 29, 1930.

Jas. C. Roberts and C. P. Almon, both of Florence, for appellant.

Mitchell & Hughston and Bradshaw & Barnett, all of Florence, for appellees.

THOMAS, J.

The record discloses judgment by default against appellant on January 8, 1929, and appeal on July 25, 1929. Without more, the record would present a question of jurisdiction. A judgment by default and motion to set same aside do not suspend the running of the statute. Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102.

And the mere order of the court overruling a motion to set aside a judgment by default is not appealable. Mosaic Templars of America v. Hall, 220 Ala. 305, 124 So. 879; Ex parte Gay, 213 Ala. 5, 104 So. 898.

The motion, of date of May 7, 1929, did not recite that it was under the four months' statute, section 9521, Code; nor were the required initial steps in the proceedings taken for rehearings under said statute and essential to jurisdictions—a presentation of the petition to the judge for the necessary supersedeas, sections 9521, 9523, 9525, Code; Hurt v. Knox (Ala. Sup.) 126 So. 110.[1] It was not, therefore, a continuation of the original proceeding, and not the commencement of a new action. Ex parte Johnson & Seats, 60 Ala. 429; Martin & McTyer v. Hudson, 52 Ala. 279; Renfro Bros. v. Merryman & Co., 71 Ala. 196; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Hurt v. Knox, supra. And the appeal must therefore have been taken within six months of the rendition of the original judgment. And, as to this, there is nothing to review, and the appeal is dismissed.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

