183 So. 644

**VENABLE v. TURNER.**

**6 Div. 323.**

Supreme Court of Alabama.

May 19, 1938.

Rehearing Denied Oct. 6, 1938.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellant.

A. Leo Oberdorfer, of Birmingham, for appellee.

W. G. Stone, of Birmingham, amicus curiæ.

BROWN, Justice.

This bill is filed by the widow of J. C. Turner, deceased, under Article 1, Chapter 336, section 9905 et seq., of the Code 1923, against the appellant and the other heirs at law to quiet the title to a house and lot situated in the City of Birmingham.

The bill as amended, after making the necessary averments of possession and ownership of the complainant, and that defendants claim or are reputed to claim some right, title or interest in or incumbrance upon such land, and calling upon them to set forth and specify their title, claim, interest or incumbrance, and how and by what instrument the same is derived and created, and that no suit is pending to test or determine such claim, required by §§ 9905, 9906, of the Code 1923, sets out the source and character of complainant's title and possession, and the demurrer, on numerous grounds, undertakes to question the sufficiency and validity of the muniments of title as set forth in the bill. It has long been settled that where a bill filed under the statute to quiet title, contains the statutory averments, though it goes further, as here, and undertakes to state the sources and muniments of complainant's title, the validity and sufficiency of the complainant's muniments of title can not be tested by demurrer. Adler et al. v. Sullivan, 115 Ala. 582, 22 So. 87; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Cheney, Trustee, v. Nathan, 110 Ala. 254, 260, 20 So. 99, 55 Am. St.Rep. 26.

In Adler et al. v. Sullivan, it was observed (page 88):

"The purpose of the statute (as we said in Cheney, Trustee, v. Nathan, 110 Ala. 254, 20 So. 99 [55 Am.St.Rep. 26]) is simply to fix the status of the land in respect to ownership,—to re-establish by decree muniments of title to it. *Without the answer, to the case as made by the bill, such a decree could never be rendered.*" (Italics supplied.) And in Grayson v. Muckleroy, supra (page 219): "The effect of the holding in that case is, though the bill avers more than the statute requires and sets up the complainant's muniments of title, the defendant cannot on demurrer to the bill attack the complainant's title, but must first avow and prove at least a prima facie title in himself."

The demurrer to the bill was overruled without error.

The defendants, by answer, avowed title in themselves as the heirs at law of said J. C. Turner, deceased, and set up as estoppel of the complainant to claim the entire title, the proceedings and decree of the Probate Court of Jefferson County, setting aside exemptions to the complainant as the

widow of said Turner, on her petition, in the absence of administration.

The facts are without dispute. J. C. Turner died intestate May 7, 1926, leaving surviving him, his widow, the complainant, and five adult sons and daughters, the defendants—his only heirs at law. He owned the property described in the bill, subject to certain incumbrances.

After the lapse of sixty days from the date of Turner's death, there being no administration on Turner's estate, the widow instituted a proceeding in the Probate Court of Jefferson County under § 7948, of the Code 1923, claiming an undivided one-half interest in said property as exempt to her from administration and the payment of debts. The petition, filed by her, contained the essential jurisdictional averments, and the proceedings, in all things regular, eventuated in a final decree of the Probate Court setting aside said one-half interest in said property, as exempt to the petitioner as the widow of said J. C. Turner, deceased, from administration and the payment of debts, and vesting in her the title to said interest as authorized by § 7951, of the Code. Said decree was entered on June 26, 1934, and after the expiration of thirty days, from its rendition, the court's plenary power over the same terminated. Code 1923, § 9590, as amended by Act No. 43, approved September 28, 1932, Acts 1932, Ex.Sess., p. 52.

Through mistake of the exemptioner she only claimed an undivided one-half interest in the property, and thereafter sought to correct this mistake by an application for rehearing under the four months statute, as she was authorized to do on timely application, proper averments and proof. Bean v. Harrison, 213 Ala. 33, 104 So. 244.

The petition filed in the Probate Court, for a rehearing under the four months statute, § 9521, was filed on October 30, 1934, more than four months after the rendition of said decree, and was inefficacious to quicken into exercise the court's jurisdiction to grant a rehearing, and the proceedings thereon are coram non judice, and void. Ex parte Johnson, 60 Ala. 429, 430; Hurt et al. v. Knox, 220 Ala. 448, 126 So. 110; Collins Paving Company v. Holseapple, 221 Ala. 308, 128 So. 599.

It is well settled that the judgments and decrees of the Probate Court in respect to matters and causes within its jurisdiction, which have been efficaciously invoked, are of equal dignity with the judgments and decrees of any other court, and are not subject to be set aside, after the expiration of the term at which they are rendered, except on direct appeal, or on direct attack in a court of competent jurisdiction for fraud or mistake unmixed with negligence on the part of the complaining party. Code 1923, § 9579; Knabe v. Rice, 106 Ala. 516, 17 So. 666; Williams v. Overcast et al., 229 Ala. 119, 155 So. 543; Edmondson v. Jones, 204 Ala. 133, 85 So. 799; Evans v. Wilhite, 167 Ala. 587, 52 So. 845.

Assuming that the decree of the Probate Court, could, in this proceeding to quiet title, be assailed for mistake or fraud, which is questionable, it is very clear that there is no basis in the averments of the bill to justify the exercise of such power. The only mistake shown is that of the complainant. A court of equity will not intervene to relieve a person from a situation into which he has voluntarily placed himself, through his own ignorance or mistake. Dial v. Gambrel, 126 Ala. 151, 28 So. 1.

The Probate Court's jurisdiction having been efficaciously invoked in the first instance and duly exercised to a final decree, its jurisdiction became exclusive, and its final decree, pleaded as an estoppel, was conclusive of the rights of the parties to that proceeding, and the Circuit Court, in Equity, was without jurisdiction to intervene, in the absence of mistake or fraud unmixed with negligence, to set aside or correct the mistake of the exemptioner. Knabe v. Rice, supra; Gay v. Brierfield Coal & Iron Co., 94 Ala. 303, 11 So. 353, 16 L.R.A. 564, 33 Am.St.Rep. 122; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann. Cas.1914A, 937.

The Circuit Court therefore erred in ignoring the estoppel pleaded, and established by the proceedings in the Probate Court, setting aside to the widow on her petition the one-half interest in said property, and in decreeing that the whole property was exempt to her.

It appears from the evidence that the complainant, Emily Turner, as the widow of J. C. Turner, deceased, has and holds a one-half undivided interest in the property described in the bill, and that the defend-

486

ants, as the heirs at law, have the title to the other one-half interest.

The decree of the Circuit Court is therefore reversed and one here rendered quieting the title in the parties as above indicated. Friedman & Loveman v. Shamblin et al., 117 Ala. 454, 458, 23 So. 821; Grayson v. Muckleroy, supra.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.