17 So.2d 538

**MARSHALL COUNTY v. CRITCHER.**

8 Div. 355.

Court of Appeals of Alabama.
Oct. 5, 1943.

Rehearing Denied Oct. 26, 1944.

Reversed on Mandate March 28, 1944.

Rehearing Denied April 11, 1944.

———◆———

Scruggs & Creel, of Guntersville, for appellee.

Marion F. Lusk, of Guntersville, for appellant.

BRICKEN, Presiding Judge.

Critcher, plaintiff, owned a mule, and while driving said mule along a highway in Marshall County, on April 13, 1940, it fell through a bridge on said highway, then known as the Albertville-Geraldine 'Public road, breaking its right foreleg and rendering said mule worthless to owner

He filed his claim for damages for the injury with the Commissioners Court of said county, the then governing body, and both he and his attorney consulted with the Probate Judge who was then the presiding head of said Commissioners Court.

Thereafter, said Commissioners Court, acting through the then Probate Judge of said county, wrote to the Attorney General of Alabama, requesting his opinion as to the legal liability of said county for the injury to said mule. The Attorney General replied, advising him as to the legal liability of Marshall County for the injury to the mule in question under Section 6457 of the Code of Alabama 1923, then in force and effect, Code 1940, Tit. 23, § 57; and of the authority of said Commissioners Court, to examine, settle and allow all accounts and claims chargeable against the county under Section 6755, Sub. 4, of said Code, Code 1940, Tit. 12, § 12 subd 4.

The Commissioners Court did not allow Mr. Critcher's claim, but disallowed the same and said claimant brought his suit in the circuit court against the county for the sum of $300 damages for said injury to the mule, alleging in the complaint the said county was under the duty to keep said road and the bridges along the same in repair and that said county negligently failed to maintain and keep in repair the bridge along said road through which his mule fell, etc.

The complaint was later amended adding count two thereto in which it was alleged that said bridge was constructed by some person or firm under a contract with said county and that no bond was taken by said county guaranteeing that said bridge should continue safe for the passage of travellers, and that said county negligently failed to keep said bridge in repair and that as the consequence of the county's said negligence plaintiff's mule fell through said bridge and broke its right foreleg, etc., to the damage of plaintiff in the sum of $300 and hence this suit.

When the suit was filed plaintiff demanded a trial by jury, and thereafter, on January 23, 1941, withdrew said demand for a jury trial without the consent of the defendant County, in so far as this record shows.

On January 23, 1941, plaintiff obtained a judgment by default against defendant, and introduced evidence before the court, sitting without a jury, as to the amount of plaintiff's damages which were fixed by the court at the sum of $250, for which sum the judgment of the court was then and there pronounced and entered.

On February 22, 1941, the defendant filed its motion to annul and set aside said judgment by default. In said motion it was alleged that there was no valid service of the complaint, as originally filed, and further the said judgment by default constituted a fraud on said county and should be set aside because of the conduct of the former Probate Judge of said county.

On February 27, 1942, the court pronounced and caused to be entered a judgment setting aside the award of damages, and ordered that the case be restored to the trial docket for the execution of the writ of inquiry to a jury to ascertain and assess the amount of plaintiff's damages.

In said judgment the court declared that the default entered by the court against Marshall County should not be set aside and the motion insofar as it pertained to the granting of a default judgment against the county was overruled and denied.

On August 3, 1942, the court empanelled a jury to hear the testimony offered as to the amount of the damages suffered by the plaintiff for the injury to his said mule. Plaintiff then introduced his testimony before said jury, which thereafter returned its verdict assessing plaintiff's damages at $170.44 on which verdict the court then ordered and adjudged that the plaintiff have and recover of defendant, said sum of $170.44, together with the costs of suit.

On August 19, 1942, there was filed in the trial court a petition to annul and set aside said judgment. This petition was filed within the thirty day period, but the same was not a motion for a new trial under Section 276, Title 7 of the Code of Alabama 1940, but was a proceeding instituted and conducted under the four months Statute. Sec. 279, Title 7, Code 1940. Kelley v. Chavis, 225 Ala. 218, 148 So. 423.

On August 22, 1942, the trial court ordered and directed that the execution of its judgment, dated August 3, 1942, be suspended upon petitioner's giving a bond in double the amount of said judgment, with sufficient sureties, and conditioned to pay said judgment, with interest, and all costs and damages to be awarded on a trial to be had at the next session of the court at Albertville, under Code of Alabama 1940, Title 7, Secs. 282, 283.

On August 28, 1942, Marshall County, gave a bond with sureties in the sum of $605, conditioned to pay said judgment, with interest and all costs and damages, that might be awarded against it on the trial, or rehearing. The bond was taken and approved by the clerk and was filed on August 28, 1942.

On January 20, 1943, said petition for rehearing was tried before the court, sitting without a jury, and the trial court adjudged that the material allegations of the petition for rehearing were not sustained and thereupon pronounced and caused to be entered its judgment overruling and denying said petition, and taxing the defendant with the costs. From this judgment the defendant appeals to this court.

This appeal is from the judgment of the trial court upon a petition for a rehearing, filed under the four months Statute seeking to set aside and annul a judgment of the trial court for reasons which came to the knowledge of the petitioner within thirty days from the rendition of the judgment which the petitioner prays to have set aside and annulled and while petitioner had available to it the remedy provided by Section 276, Title 7, Code of Alabama, 1940. It is therefore a question of serious doubt as to whether petitioner within the thirty day period after the rendition of said judgment had the right to resort to the four months Statute. Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664.

■ The purpose of the petition was to set aside a judgment by default and necessarily invoked the discretionary powers of the trial court. Ex parte Doak, 188 Ala. 406, 66 So. 64.

■ This court has considered this record and the testimony therein set out with care and is not convinced that the trial judge abused his discretion in overruling and denying the defendant's petition to set aside and annul plaintiff's judgment against the defendant.

■ It is therefore the judgment of this court that the judgment appealed from is due to be affirmed. It is so ordered. Ex parte Crumpton, 21 Ala.App. 446, 109 So. 184.

Affirmed.

PER CURIAM.

Reversed and remanded on authority of Marshall Co. v. Critcher, 245 Ala. 357, 17 So.2d 540.