17 So.2d 540

**MARSHALL COUNTY v. CRITCHER.**

**8 Div. 265.**

Supreme Court of Alabama.

Feb. 3, 1944.

Rehearing Denied March 23, 1944.

Marion F. Lusk, of Guntersville, for the petition.

Scruggs & Creel, of Guntersville, opposed.

358

BROWN, Justice.

The appeal to the Court of Appeals was from the judgment of the Circuit Court of Marshall County denying the petitioner's application for rehearing under the four months statute, Code 1940, Tit. 7, § 279. The judgment sought to be vacated was a judgment by default rendered in the case of J. F. Critcher v. Marshall County, an action for damages against the county for alleged negligence in the maintenance of a bridge on and constituting a public road in said county, as a proximate consequence of which, Critcher's mule was injured and rendered worthless.

Petitioner's counsel, in brief, makes a clear statement of the facts disclosed by the record, and the findings of the Court of Appeals, from which we take the following:

"When the suit was filed plaintiff demanded a trial by jury, and thereafter, on January 23, 1941, withdrew said demand for a jury trial without the consent of the defendant county, which had still not appeared.

"On the same day plaintiff obtained a judgment by default against defendant, and introduced evidence before the court, sitting without a jury, as to the amount of plaintiff's damages which were fixed by the court at the sum of $250.00, for which sum the judgment of the court was then entered.

"On February 22, 1941, the defendant through its new Probate Judge filed its motion to annul and set aside said judgment by default. In said motion it was alleged that there was no valid service of a complaint stating a cause of action, and further that the said judgment by default constituted a fraud on said county and should be set aside because of the conduct of the former Probate Judge of said county.

"On February 27, 1942, the court pronounced and caused to be entered a judgment setting aside the award of damages, and ordered that the case be restored to the trial docket for the execution of the writ of inquiry to a jury to ascertain and assess the amount of plaintiff's damages.

"In said judgment the court declared that the default entered by the court against Marshall County should not be set aside and the motion insofar as it pertained to the granting of a default judgment against the county was overruled and denied.

"On August 3, 1942, the court empannelled a jury to hear the testimony offered as to the amount of the damages suffered by the plaintiff for the injury to his said mule. Plaintiff then introduced his testimony before said jury, which thereafter returned its verdict assessing plaintiff's damages at $170.44 on which verdict the court then ordered and adjudged that the plaintiff have and recover of defendant, said sum of $170.44, together with the costs of suit.

"On August 19, 1942, defendant filed in the trial court its petition under Code 1940, Title 7, § 279, setting up the same grounds as in its motion of February 22, 1941.

"On January 20 the petition was tried before the court sitting without a jury and the trial court adjudged that the material allegations of the petition were not sustained and thereupon entered its judgment denying the petition." 17 So.2d 538.

The application for rehearing was presented to the Judge of the Circuit Court on August 22, 1942, and supersedeas was ordered upon petitioner giving bond as required by Code 1940, Tit. 7, § 282.

The Court of Appeals in affirming the judgment observed:

"The purpose of the petition was to set aside a judgment by default and necessarily invoked the discretionary powers of the trial court. Ex parte Doak, 188 Ala. 406, 66 So. 64.

"This Court has considered this record and the testimony therein set out with care and is not convinced that the trial judge abused his discretion in overruling and denying the defendant's petition to set aside and annul plaintiff's judgment against the defendant."

This statement in the opinion of the Court of Appeals in applying the utterances in Ex parte Doak, supra, clearly shows a misconception of the nature of the proceedings in this case and the principles applicable to the controversy presented. The motion in the Doak case was a part of the proceeding in the same suit filed while the judgment was in the breast of the court and subject to the court's plenary power.

A petition or application for rehearing under the four months statute is not a proceeding in the case wherein the judgment was rendered, but is a new suit, authorized by the statutes to be instituted in the law court, partaking of the nature of a bill in equity seeking relief from a judgment as a result of surprise, accident, mistake or fraud, without fault on the part of the party invoking the court's jurisdiction, and presents a juristic controversy to be de-

termined according to right and justice leaving no room for the exercise of discretion. Evans v. Wilhite et al., 167 Ala. 587, 52 So. 845; Renfro Bros. v. Merryman, 71 Ala. 195, 196; Martin v. Hudson, 52 Ala. 279; Craft v. Hirsh, 227 Ala. 257, 149 So. 683; Hurt v. Knox, 220 Ala. 448, 126 So. 110.

The fact which quickens into existence the statutory jurisdiction conferred on courts of law by § 279, Tit. 7, Code 1940, is the presentation to the judge of the court in which the judgment was rendered and against which relief is sought of the petition or application for rehearing and for writ of supersedeas, and until this is done and an order for supersedeas has, been made the clerk is without authority to receive and file the petition. Ex parte Johnson, 60 Ala. 429; Hurt v. Knox, 220 Ala. 448, 126 So. 110; Collins Paving Co. v. Holseapple, 221 Ala. 308, 128 So. 599.

The statute authorizing the proceeding for rehearing provides:—"When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing at any time within four months from the rendition of the judgment." Code 1940, Tit. 7, § 279.

Thus by the very terms of the statute the proceeding for a rehearing must be initiated "within four months from the rendition of the judgment", otherwise the jurisdiction of the court is not quickened into exercise, and the proceedings are void. Venable v. Turner, 236 Ala. 483, 183 So. 644.

The four months began to run from the date the judgment by default was rendered and not the date of the execution of the writ of inquiry.

The character of judgment within the purview of this statute is a judgment valid ex facia which on principles of equity and justice should not be allowed to stand. Craft v. Hirsh, 227 Ala. 257, 149 So. 683; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Cogburn et al. v. Callier et al., 213 Ala. 46, 104 So. 330.

If, as contended by the petitioner, want of jurisdiction to render the judgment, aided by judicial knowledge, appears on the face of the record, the party's remedy is by application to the court rendering the judgment to expunge the same from the court's record, and if this is denied, by appeal from

that order (Sweeney et al. v. Tritsch, 151 Ala. 242, 44 So. 184; Mayor & Council of Columbiana v. J. W. Kelley & Co. et al., 172 Ala. 336, 55 So. 526), or by the common law writ of certiorari. Ex parte Allen, 166 Ala. 111, 52 So. 44.

For the error of the Court of Appeals in limiting the review to a question of abuse of discretion, the judgment of that court is reversed, and the case is remanded to that court for further proceedings, not inconsistent with this opinion.

Writ granted: reversed and remanded.

All the Justices concur.