26 So.2d 105

## HAMBY v. SHERROD.
### 8 Div. 317.

Supreme Court of Alabama.
May 16, 1946.

Bradshaw & Barnett, of Florence, for appellant.

F. E. Throckmorton, of Tuscumbia. for appellee.

LIVINGSTON, Justice.

We must first determine from what judgment this appeal is prosecuted.

The original suit was in ejectment by John H. Sherrod against William Lyle Hamby, a minor under fourteen years of age, and Estelle Rice, mother of said minor. Estelle Rice was not served with summons and complaint and upon the trial plaintiff took a nonsuit as to her.

The ejectment suit was tried by a jury on October 5, 1944, and resulted in a verdict and judgment for the plaintiff, John H. Sherrod, for the lands sued for. On November 4, 1944, the defendant, William Lyle Hamby, by Viola Moody, as next friend, filed a motion for a new trial under the thirty day statute, sections 276 et seq., Title 7, Code of 1940. This motion was duly presented, regularly continued, and overruled on November 27, 1944, and to which ruling defendant excepted. On December 14, 1944, the defendant by his next friend, Viola Moody, filed a motion for a new trial under the four months statute. Section 279, Title 7, Code of 1940. This motion was overruled on the 16th day of February, 1945. Thereafter, the following proceedings were had in the trial court:

"Comes now the defendant, by his next friend, Viola Moody, and shows unto the court and alleges that she desires to appeal from the Circuit Court of Colbert County to the Court of Appeals and desires to execute a supersedeas bond in order to supersede the judgment of the Circuit Court of Colbert County, Alabama. Said judgment being for the recovery of the real estate sued for.

"The defendant prays the court that it will fix the amount of the bond to be executed by the defendant in order to supersede the judgment.
    "Bradshaw & Barnett,
        "Attorneys for the Defendant.

"A copy of the foregoing motion has this day been mailed to F. E. Throckmorton, attorney for the plaintiff.

        "H. A. Bradshaw.
      "Judge's Order.
"The supersedeas bond is set at $350.00.
"Mch. 2nd, 1945.

        "C. P. Almon, Judge.
"Filed in office, this 22nd day of March, 1945.

    "Mrs. W. Lee Stanley, Clerk."

"Bond.

"Know all men by these presents, that we, William Lyle Hamby, as principal, and ———— are held and firmly bound unto John H. Sherrod in the sum of Three Hundred Fifty ($350.00) Dollars for the payment of which, well and truly to be made we bind ourselves and each of us, our and each of our heirs, executors and administrators, jointly severally and firmly, by these presents. The right of exemption under the Constitution and Laws of Alabama is hereby waived.

"Sealed with our seals, and dated this the ———— day of March 1945.

"Whereas, on the ———— day of March, 1945, in the Circuit Court of Colbert, in and for said county, the said John H. Sherrod recovered a judgment in said court against the said William Lyle Hamby for the recovery of certain real property, and the court on motion has fixed the amount of this bond at $350.00.

"Whereas, on this day the said William Lyle Hamby as such defendant has prayed for and obtained an appeal from said judgment to the Supreme Court, to be holden of and for said state.

"Now, therefore, the condition of the foregoing obligation is such that if said William Lyle Hamby shall prosecute said appeal to effect, and satisfy such judgment, both as to debt and costs and said Supreme Court may render in the premises, then the said obligation shall be null and void, otherwise to remain in full force and effect.

    "William Lyle Hamby, a minor
      "By Arthur L. Shaw,    (Seal)
      "As Guardian Ad Litem
  "H. L. Mills          (Seal)
  "J. E. Keeton        (Seal)

"Taken and approved, this the 22nd day of March, 1945.

"Mrs. W. Lee Stanley, Clerk

"Filed in office this the 22nd of March, 1945,.

"Mrs. W. Lee Stanley, Clerk.

"Bond

"The undersigned hereby acknowledge themselves as security for the costs of an appeal in the above styled cause to the Supreme Court of Alabama.

"Witness our hands this, the 22nd day of March, 1945.
      "William Lyle Hamby, a minor
        "By Arthur L. Shaw,
        "As Guardian Ad Litem.
  "H. L. Mills
  "J. E. Keeton

"Filed in office this 22nd day of March.

"Mrs. W. Lee Stanley, Clerk."

"Citation of Appeal.

"Whereas William Lyle Hamby, et al defendant in the above styled case has this day taken an appeal to the Supreme Court of the State of Alabama from a judgment rendered in favor of the plaintiff in the above styled cause by the Circuit Court of said county at the October Term, 1944, of said court, and has given bond as required by law;

"Now, therefore, you are cited to appear at the next term of the Supreme Court of the State of Alabama and defend on said appeal if you think proper so to do.

"Witness my hand this 2nd day of April, 1945.
      "Mrs. W. Lee Stanley,
        "Clerk Circuit Court.

"I hereby acknowledge service on me of a copy of the above citation of appeal and waive service by the sheriff.

"This the 2d day of April, 1945.
    "F. E. Throckmorton
      "Attorney for the Plaintiff."

The certificate of appeal is in the following words and figures:

"I, Mrs. W. Lee Stanley, Clerk of the Circuit Court of Colbert County, Alabama, hereby certify that in the cause of John H. Sherrod, plaintiff, vs. William Lyle Hamby, and Estelle Rice, defendants, which was tried and determined in this court on the 5th day of October, 1944, in which there was a judgment for property sued for, in favor of the plaintiff, (or judgment for defendant), the defendant on the 22nd day of March, 1945, took an appeal to the Supreme Court of Alabama to be holden of and for said State.

"I further certify that the defendant filed security for cost of appeal, to the Supreme

Court, on the 22nd day of March, 1945, and that H. L. Mills and J. E. Keeton are sureties on the appeal bond.

"I further certify that notice of said appeal was on the 2nd day of April, 1945, served on F. E. Throckmorton as attorney of record for said appellee, and that the amount sued for was for certain lands.

"Witness my hand and seal of this court, this the 15th day of May, 1945.

"Mrs. W. Lee Stanley,
"Clerk of the Circuit Court of
"Colbert County, Alabama."

But one conclusion can be drawn from the foregoing, and that is that the appeal is from the judgment rendered on October 5, 1944.

■ It has been repeatedly held that the jurisdiction conferred upon law courts by section 279, Title 7, Code of 1940, authorizing a rehearing and requiring the application to be made within four months from the rendition of the judgment is statutory and limited; that such proceeding is not a continuation of the proceeding in the original case, but is the commencement of a new action. Martin v. Hudson, 52 Ala. 279; Ex parte Johnson, et al., 60 Ala. 429; Renfro Bros. v. Merryman, 71 Ala. 195, 196; Evans v. Wilhite, et al., 167 Ala. 587, 52 So. 845; Hurt, et al. v. Knox, 220 Ala. 448, 126 So. 110.

■ It necessarily follows that this Court is without authority to review the action of the trial court in overruling a motion for a new trial filed under the four months statute in the absence of an appeal from such ruling. No such appeal was perfected in the instant case.

■ In considering the appeal from the judgment rendered October 5, 1944, we note that the court reporter's transcript of the evidence was filed with the clerk of the court on April 9, 1945, which date was not within ninety days after the date of trial or date of the trial court's ruling on motion for a new trial (section 827(1) et seq., Title 7, Code of 1940, Cumulative Pocket Part; the motion for new trial here mentioned being a motion under the thirty day statute). However, the certified transcript of the evidence will be considered because no objection thereto was presented upon the submission of the cause. Supreme Court Rule 48.

Only three questions are presented for review on this appeal.

■ 1. The admission in evidence of the entire record of the case of John H. Sherrod vs. W. F. Moody, et al., tried in the Circuit Court of Colbert County, Alabama, in Equity. The grounds assigned in support of the objection to this evidence was that it is "illegal, irrelevant and immaterial and has no bearing on any issue in this case."

The objection was overruled without error. Clearly, the evidence tended to prove a link in plaintiff's chain of title and was not subject to the objections interposed.

■ 2. The trial court gave the general charge for the plaintiff. Plaintiff's evidence tended to prove the case made by the complainant. The defendant offered no evidence. Under these circumstances the general charge for the plaintiff was proper.

3. Defendant's motion for a new trial (under the thirty day statute) was grounded upon allegations that the verdict and judgment were contrary to the evidence; and contrary to the great weight of the evidence. It was properly overruled.

The cause is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.