178 So.2d 162

**Ex parte ALABAMA CREDIT CORPORATION.**

**3 Div. 172.**

Supreme Court of Alabama.

Sept. 2, 1965.

Sanford D. Weiss, Montgomery, for petitioner.

Euel A. Screws, Jr., Montgomery, for respondent.

SIMPSON, Justice.

This is an original petition for mandamus by Alabama Credit Corporation, to require Richard P. Emmet, one of the judges of the Circuit Court of Montgomery County, to vacate an order granting a rehearing under the four months statute (Code 1940, Title 7, § 279). The petitioner was plaintiff in a suit commenced in said Circuit Court against Louise Grant. On June 15, 1964, plaintiff (petitioner here) obtained a default judgment. Defendant on October 14, 1964, filed an application for rehearing pursuant to the four months statute. Subsequently, November 3, 1964, no action having been taken on the application for rehearing, defendant in the suit filed motion praying the court to issue an order of supersedeas and bond. On November 12, 1964, petitioner here (plaintiff below) filed motion with the respondent judge to dismiss defendant's application for rehearing. Thereafter a hearing on defendant's application for rehearing was held and the respondent judge issued an order setting aside the default judgment and granted the supersedeas upon condition that defendant give bond, which was done.

Petitioner's contention is that since the defendant's initial application for a rehearing of the default judgment did not in *ipsissimis verbis* pray for an order of supersedeas the respondent judge was without jurisdiction to entertain the application and that his actions thereon were null and void. In this we cannot agree.

Section 279, Title 7 of the Code provides:

"When a party has been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part, he may, in like manner, apply for a rehearing at any time within four months from the rendition of the judgment."

Section 280 prescribes the contents of the application thusly:

"In the cases specified in the two preceding sections, the proceeding is by petition to a judge of the circuit court, stating the matter complained of, *with a prayer for the appropriate relief.*" (Italics supplied.)

The application prayed for a rehearing and such other relief as defendant was entitled to. The above section 280 does not require a prayer, in so many words, for a supersedeas. The following section 281 makes it clear that the judge is not to issue the order of supersedeas unless and until he is satisfied that the petitioner is entitled to the relief sought. Section 281 reads:

"The judge to whom the petition is made must, if satisfied that the petitioner is entitled to the relief sought, make the necessary order for a supersedeas to issue, or in restraint of the issue or collection of the execution; and the judge shall have power to impose such terms as he may think proper for granting an order for the supersedeas."

As we have shown, defendant prayed for rehearing and such other relief she might be entitled to. The respondent did not act upon defendant's motion until her subsequent motion of November 3 and then not until November 18 when he granted the motion to set aside the default judgment and granted the petition for supersedeas.

Petitioner here relies upon Ex parte Johnson & Seats, 60 Ala. 429; Hurt v. Knox, 220 Ala. 448, 126 So. 110; Collins Paving Co. v. Holseapple, 221 Ala. 308, 128 So. 599; Marshall County v. Critcher, 245 Ala. 357, 17 So.2d 540, to sustain its position that the original application must contain the prayer, in terms, for supersedeas. To accord such an interpretation to the decisions supra would be to read into the statutes above cited a provision not present therein. Those decisions did no more than declare jurisdiction in the premises to vest in the judge of the court, as distinguished from the court or the clerk thereof. Since the defendant did, before her application was acted upon, and as a

condition to its being granted, pray for a supersedeas and bond, and post such bond, the petitioner has no just cause for complaint.

 The four months statute gives a speedy remedy at law similar to that already existing and available by bill in equity to annul a judgment at law. Ezzell v. First National Bank, 223 Ala. 353, 135 So. 582; Martin v. Hudson, 52 Ala. 279. The remedy is cumulative. The granting of a rehearing is not a final judgment, not a disposition of the case, but merely a setting aside of the prior judgment and restoring the case to the docket for a new trial. Heflin v. Rock Mills Mfg. Co., 58 Ala. 613; Ex parte Cox, 253 Ala. 647, 46 So.2d 417.

We reach the conclusion that the respondent judge committed no error in rendering the order and judgment complained of and that the petition for mandamus should be denied. So ordered.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.